Dorothy M. Slezak, Appellant, v. Joseph C. Slezak, Appellee.

Gen. No. 39,616.

Opinion filed February 2, 1938.

WILLIAM C. SCHERWAT and GEORGE R. KATZMANN, both of Chicago, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff, after the entry of a final decree of divorce, from an order overruling and denying plaintiff's petition and an amendment and supplement thereto praying that reasonable attorney's fees be taxed against the defendant, incurred in proceedings to enforce the alimony payments provided for in said decree, the necessity for which enforcement proceedings is directly attributable to defendant's contemptuous refusal to pay.

In discussing this case we are without the benefit of the defendant's theory, for the reason that he has failed to appear in this court and file a brief to aid the court in arriving at a conclusion that the court was justified in refusing to tax as costs the amount prayed for in plaintiff's petition as reasonable attorney's fees to be taxed against the defendant upon the ground urged in the petition.

The plaintiff's contention in this court is that a chancery court retains jurisdiction to enforce its alimony orders and decrees, and consequently has jurisdiction to enter an order for an allowance of attorney's fees to the plaintiff necessarily occasioned by reason of the defendant's contemptuous noncompliance with the decree of divorce entered by the court.

A decree of divorce was entered on August 17, 1935, in favor of the plaintiff upon the findings of the court that there were no children born to said parties as a result of the marriage and further that the defendant was guilty of extreme and repeated cruelty, and providing that the defendant, among other things, pay the plaintiff the sum of $500 in payments of $20 on the 7th and 22nd of each month, commencing August 22, 1935.

It further appears from the decree filed in this case that after the entry of the decree, although continuously earning upwards of $200 per month, the defendant wilfully failed to make payments as they became due, and then only paid as a last resort after the plaintiff had sought to compel the enforcement of the decree by petitions for rules to show cause and the repeated entries of the necessary rules and orders thereon. To so enforce the decree the procedure became repeatedly necessary to secure these alimony payments. In the presentation of the several petitions and the ruling of the court thereon it became necessary for the plaintiff to employ counsel to enforce the decree of the court. The plaintiff thereupon filed a petition and a supple-

mental and amended petition praying for an allowance of attorney's fees to meet the necessary expense incurred by reason of the defendant's failure to comply with the order of the court.

In order that the defendant may be forced to make payments of alimony provided for in the decree, citations may be issued by the court after the proper service of notices, petitions for rules to show cause why defendant should not be held in contempt, hearings on the return of the rules, attachments upon nonappearance of the defendant and finally commitment in cases of persistence in the refusal to comply. In order to compel the defendant to comply with the orders of the court, as we have stated before, it became necessary for the plaintiff to employ an attorney, and the attorney's fees incurred, being proximately attributable to defendant's default, should as a matter of course be taxed against the defendant as a penalty for failure to perform the duty required of him by the findings of the court in its decree.

This court upon a like question in the case of *Czarra v. Czarra,* 128 Ill. App. 430, said:

"Among the cases brought to our attention by the respective arguments of counsel, nothing seems to us more in point than *Stillman v. Stillman,* 99 Ill. 204. If it be within the power of a court under the statute (chapter 40, section 15 of the Revised Statutes) to allow solicitor's fees incurred in resisting a petition of a divorced husband for the reduction of alimony, we see no reason in principle or under the terms of the statute why it should not be so allowable in the case of the prosecution by the divorced wife of her right to enforce alimony."

It would be absurd to hold that the court by the provisions of the Divorce Act could modify a decree of divorce which had been entered and make such changes as equity and good conscience dictate, but that the court

in the enforcement of its orders is helpless for the reason that the wife would be compelled to advance all expense money necessarily entailed by virtue of her effort to compel the divorced husband to perform his duty as directed by the court in its order.

We approve what was said in the case of *Czarra v. Czarra,* above quoted, and we are of the opinion that the court erred in not making proper allowance as prayed for by the plaintiff in this action.

By section 5 of Rule 60 of the rules of the superior court, it is provided:

"It shall be the duty of the solicitor appearing for any woman plaintiff in whose favor an order or decree for alimony or separate maintenance has been entered, to render such service as may be necessary to enforce such order or decree when so directed by the Court, and this without reference as to whether or not compensation is likely to be had for such services."

This rule does not meet the situation before this court for the reason that we must assume that the facts appearing in the record are true; that the defendant in this action was wilful in his disobedience of the order of the court, and thereby compelled his former wife to employ counsel to enforce obedience, which entailed expense that should be borne by the defendant. From the facts as they appear in the record we believe the court should have entered an order allowing solicitor's fees for the work made necessary by the failure of the defendant to obey the decretal order.

The order is reversed and the cause is remanded with directions that the court enter an order for the expense necessarily entailed in the enforcement of the decree of divorce.

*Reversed and remanded with directions.*

Denis E. Sullivan and Ross C. Hall, JJ., concur.