Elizabeth Sproehnle Wright, Appellee, v. Kenneth M. Wright, Appellant.

Gen. No. 41,856.

Opinion filed March 2, 1943.

ELBRIDGE BANCROFT PIERCE, of Chicago, for appellant.

JOSEF L. HEKTOEN and WILLIAM H. SLOAN, both of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

On June 4, 1938 plaintiff, Elizabeth Sproehnle Wright, secured a final decree of divorce from defendant, Kenneth M. Wright. The decree included an

agreement that defendant would pay plaintiff $4,000 alimony in monthly instalments over a period of 33 months. There was an accumulated delinquency of $1,455 in his alimony payments, which defendant paid prior to the expiration of the aforesaid period. Although Wright was in arrears in his alimony practically from the date of the entry of the divorce decree, plaintiff did not at any time resort to appropriate court proceedings to compel him to comply with the provisions of said decree concerning his monthly alimony payments. After her alimony had been fully paid, plaintiff filed a petition for the allowance of fees for services alleged to have been theretofore rendered by her attorney in endeavoring to induce defendant to make his alimony payments as ordered by the decree, but none of said services were performed in connection with any court proceeding to compel payment. Defendant filed an answer denying that plaintiff was entitled to an allowance of attorney's fees for such alleged services. The trial court ordered: "That defendant pay plaintiff the sum of $500 as and for additional attorney's fees." Defendant appeals.

The decree provided that defendant pay plaintiff $4,000 in alimony in the following manner: $500 in monthly instalments of $125 to October 1, 1938, $150 a month for the next year and $100 a month for 17 months thereafter. Defendant's payments were so made that he was in arrears $150 on October 1, 1938, $1,005 on October 1, 1939 and $1,455 on February 15, 1941. As already stated this latter amount was paid in full.

The services which plaintiff claims were rendered in her behalf by her attorney consisted principally of conferences between her and her attorney and routine telephone reminders to defendant or his secretary that his alimony payments were due or past due. Plaintiff seeks to charge defendant in this proceeding for 46½

hours services rendered by her attorney at the rate of $10 an hour and in addition for his services in preparing, filing and presenting her petition herein.

When the decree of divorce was entered defendant's salary was $750 a month. During the period when the alimony payments were to be made defendant was ill and confined to a hospital for eight or nine months which entailed an expense of $400 a month for his medical care and treatment and also during such period he suffered a salary reduction to $500 a month for 12 or 15 months. In addition he was obligated under a prior decree of divorce to pay premiums on a $21,000 life insurance policy and to pay for the support of his son by a previous marriage. It also appeared that he was obligated to many creditors who were pressing him for payment. These matters are not recited by way of justification for defendant's failure to pay plaintiff's alimony as ordered by the decree of divorce but rather because we think they throw some light on plaintiff's apparent acquiescence in the method and manner in which defendant made his alimony payments. It is difficult to reconcile plaintiff's employment of an attorney from the date the decree was entered to compel defendant to pay her alimony as ordered with the utter failure of either herself or her attorney in her behalf to seek legal redress from him. This is especially true in view of the fact that defendant's arrearages in his alimony payments were constantly increasing. Her attorney did serve defendant with a notice that plaintiff was going to apply for a rule against him to show cause just previous to the expiration of the alimony payment period, but defendant then paid in full the balance due on his alimony and the rule to show cause was not presented in court.

No case has been called to our attention and we have been unable to find one where attorney's fees have been allowed under circumstances such as are shown here.

To sustain the order of the trial court allowing her attorney's fees plaintiff cites *Slezak v. Slezak*, 293 Ill. App. 489, and quotes therefrom as follows (p. 491):

"In order to compel the defendant to comply with the orders of the court, as we have stated before, it became necessary for the plaintiff to employ an attorney, and the attorney's fees incurred, being proximately attributable to defendant's default, should as a matter of course be taxed against the defendant as a penalty for failure to perform the duty required of him by the findings of the court in its decree."

In the *Slezak* case it was also said at pages 490 and 491:

"It further appears from the decree filed in this case that after the entry of the decree, although continuously earning upwards of $200 per month, the defendant wilfully failed to make payments as they became due, and then only paid as a last resort after the plaintiff had sought to compel the enforcement of the decree by petitions for rules to show cause and the repeated entries of the necessary rules and orders thereon. To so enforce the decree the procedure became repeatedly necessary to secure these alimony payments. In the presentation of the several petitions and the ruling of the court thereon it became necessary for the plaintiff to employ counsel to enforce the decree of the court.

. . .

"In order that the defendant may be forced to make payments of alimony provided for in the decree, citations may be issued by the court after the proper service of notices, petitions for rules to show cause why defendant should not be held in contempt, hearings on the return of the rules, attachments upon nonappearance of the defendant and finally commitment in cases of persistence in the refusal to comply."

That case, far from supporting plaintiff's position that attorney's fees were properly allowed her by the trial court, holds in effect that in order to entitle a

divorced wife to attorney's fees from her former husband for his failure to make alimony payments as ordered it must appear that his failure to make the prescribed alimony payments in the amounts and at the times provided in the decree was wilful and that it was necessary for her to institute court proceedings and to secure court process to force him to make said alimony payments. It will be noted that in the *Slezak* case the defendant wilfully refused to make the required payments and that the plaintiff therein repeatedly resorted to the court to compel him to pay. There plaintiff was clearly entitled to an allowance of attorney's fees for the services rendered by her attorney in connection with the various court proceedings which it became necessary to institute to compel the payment of the alimony due her.

Where, as here, the defendant was delinquent in his payments almost from the date the decree was entered, his arrearages constantly increased over the 33 month period during which the monthly payments of alimony were to be made and not once during that entire period did plaintiff seek the aid of the court to compel payment, it is reasonable to conclude that she did not consider defendant's failure to comply with the terms of the decree concerning her alimony payments as wilful and that she acquiesced in the manner in which the alimony was paid.

The superior court of Cook county in which her decree was entered was at all times available to compel defendant to pay his delinquent alimony, if his failure to pay same was wilful. It would be inequitable to permit plaintiff to stand by in the face of defendant's amounting arrearages without availing herself of the power of the court to grant her relief and then allow her attorney's fees after her alimony was paid in full. The legal services involved herein were performed almost entirely in plaintiff's attorney's office and were directed solely toward inducing or persuading the defendant to pay his alimony when due. Both plaintiff

and her attorney were apparently satisfied with the results achieved since they did not see fit to institute court proceedings to compel defendant to pay his arrearages. It may well be that if resort was had to the court in the early stages of defendant's default it would have been unnecessary for plaintiff to employ an attorney thereafter.

It would establish a dangerous precedent to hold that plaintiff was entitled to an allowance of fees for such services as she claims her attorney rendered. If fees were allowable for services of this character, it would be difficult to control or limit the amount of attorney's fees that might be charged up against any defendant similarly situated without his knowledge. Where resort is had to the court to compel payment of past due alimony, an entirely different situation is presented. Then a defendant is chargeable with notice of the likelihood of attorney's fees being assessed against him if the court finds that his failure or refusal to pay alimony as ordered has been wilful.

While, in so far as we have been able to ascertain, the precise question involved herein has not heretofore been presented to or determined by any court of review in this or any other jurisdiction, in our opinion it is the generally understood rule in this State that a divorced wife who is desirous of forcing her former husband to pay delinquent alimony, which he has wilfully refused or failed to pay, is entitled to an allowance of attorney's fees only if she institutes appropriate legal proceedings through her attorney to compel the payment of such alimony and then she may be allowed reasonable fees based on the nature and extent of the services performed by her attorney incident to said proceedings.

For the reasons stated herein the order of the superior court of Cook county is reversed.

*Order reversed.*

FRIEND and SCANLAN, JJ., concur.