Gwendolyn Lindauer Drangle, Appellee, v. Albert J. Lindauer, Appellant.

Gen. No. 42,580.

Opinion filed May 1, 1944.

HENRY H. KOVEN, LOUIS E. LEVINSON and JAMES R. McKNIGHT, all of Chicago, for appellant.

GOLAN & GOLAN, of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover $3,000 claimed to be due her under the terms of a

written contract entered into between the parties May 14, 1941. There was a trial before the court without a jury, a finding and judgment in plaintiff's favor for $3,000 and defendant appeals.

The record discloses that the parties were married March 12, 1921, at Chicago, and on May 9, 1941, she filed her complaint for divorce in the Superior court of Cook county, and while the suit was pending, the parties entered into the contract of May 14, 1941, which is the basis of this suit. The contract recites that the parties were living separate and apart from each other on account of certain marital difficulties; that her husband was possessed of personal property of the value of $9,000, in addition to some household furniture, etc. That a divorce suit was pending between them but without any collusion the parties (independent of the divorce suit and a decree that might thereafter be entered) mutually agreed that he immediately pay her $1,000, and in consideration she would waive any claim to the balance of the personal property. That if there was a divorce and she remarried before June 1, 1942, he would pay her on or before that date $3,000; that if she remarried on or before June 1, 1943, he would pay her $2,000 and if before June 1, 1944, he would pay her $1,000. That afterward a decree of divorce was entered May 22, 1941; that she married George J. Drangle April 23, 1942, and later brought this action to recover the $3,000 under the terms of the contract.

After this agreement was executed, and before the divorce suit was heard, the parties by their counsel, discussed the case of *Adler v. Adler,* 373 Ill. 361, as to whether the court would enforce the provisions of the agreement of May 14, and it was then decided that another agreement would be executed by the parties. May 21, 1941, such agreement was executed, the provisions of which were incorporated in the decree of divorce.

By the terms of the decree plaintiff was granted a divorce; the custody of their son, then 16 years of age, was awarded to the father. (The son was living at that time with his father and expressed a desire to so continue.) It was further found by the decree that May 21, 1941, the parties had entered into an agreement adjusting their property rights and making provision for the support and maintenance of the wife. It was further decreed that defendant, in accordance with the terms of that agreement pay plaintiff for her support and maintenance $38.46 beginning June 1, 1941, and continuing weekly thereafter so long as plaintiff remained unmarried but in no event beyond May 31, 1946; that "all the rights, claims and demands of each party against the other, growing out of the marital relationship existing between them or otherwise, shall be, and the same are hereby forever barred, released, extinguished, and terminated." There are other provisions in the decree for divorce but we think it unnecessary to refer to them further.

Defendant contends that the contract of May 14, is unenforcible because it violates §18, ch. 40 of our statute on Divorce. (Ill. Rev. Stat. 1943, ch. 40, par. 19, § 18 [Jones Ill. Stats. Ann. 109.186].) That section has to do with the allowance of alimony, etc., and the amendment of 1933 provides that "a party shall not be entitled to alimony and maintenance after remarriage." If the provision of the contracts of May 14 or May 21, for the payment of the $3,000 was the payment of alimony then obviously the provision would be invalid. *Miller v. Miller*, 317 Ill. App. 447; *In re Estate of Young*, 319 Ill. App. 513; *Adler v. Adler*, 373 Ill. 361. But in the instant case, the decree of divorce provided that defendant pay $38.46 per week for the support and maintenance of plaintiff while the payment of the $3,000 was to be made as a final property settlement and is valid and binding. *Adler v. Adler*, 373 Ill. 361.

In the *Adler* case, a decree of divorce was entered November 29, 1922, and the question of alimony was reserved for consideration. December 2, following, another decree was entered which stated that provision had been made for quarterly payments of $1,150 to the divorced wife during her life. In May, 1936, the former husband petitioned the court for a modification of the decree alleging that the wife had remarried and that there was a change in his financial condition and earning capacity. Some two years before the divorce suit was brought, the parties had executed two instruments. The court said the question presented is whether the provision in the decree of December 2, "for the quarterly payment of $1150, was an allowance of alimony and subject to modification under section 18 of the Divorce act, or was it a final settlement in gross, of all the interest of the parties arising out of the marital relation, and, therefore, beyond the power of the court to modify or change." And the court held that the provision for the quarterly payment of $1,150 "was merged in the decree and, as such, became a provision for alimony and subject to modification," and the remarriage required the cancellation "of all payments of alimony maturing after the date of the filing of the petition." In that case the court said: "It was lawful for petitioner and respondent to specify in the supplemental trust indenture and agreement of December 1, 1922, that the quarterly payments to respondent should continue for her life regardless of her subsequent marriage. Respondent could rely on the contract for the payment, and in the event of a breach in any of its parts, could bring appropriate action for the enforcement of its provisions, or she had the right with the approval of the petitioner, to have a consent decree entered adopting the provisions of the agreement. The latter action having been taken, the provisions for quarterly payments to respondent as provided in the supplemental trust indenture and trust agreement of

December 1, 1922, became merged in the decree. The fact that the decree adopted the terms of the agreement did not destroy or affect the power of the court to alter such provisions when a change of circumstances justified a modification.''

The judgment of the Circuit court of Cook county is affirmed.

*Judgment affirmed.*

NIEMEYER and MATCHETT, JJ., concur.