Edna B. Kohl, Appellee, v. Arthur J. Kohl, Appellant.

Gen. No. 43,945.

Opinion filed February 3, 1947.    Released for publication February 17, 1947.

MAURICE L. MARCUS, of Chicago, for appellant.

COHON & GOLDSTEIN, of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

March 29, 1946, Arthur J. Kohl, defendant in a divorce case, filed his amended petition to modify the divorce decree entered August 11, 1944, in his wife's favor, so as to relieve him from further payments mentioned in the decree, by reason of the remarriage of his former wife. The former Mrs. Kohl filed her answer and, after hearing, the court entered an order denying the prayer of the amended petition and awarded her $750 for attorney's fees. Arthur J. Kohl appeals.

The record discloses that July 26, 1944, Edna B. Kohl filed her complaint for divorce against Arthur J. Kohl, charging him with wilful desertion. She alleged in paragraph 5, that through their joint efforts they acquired a business and real estate located in Chicago and at Libertyville, Illinois, household furniture, etc., and prayed for a decree of divorce and that the property they had acquired be divided equally between them. Arthur J. Kohl filed his answer to the complaint in which, among other things, "he admits that the parties hereto acquired certain assets" mentioned in paragraph 5 of the complaint, but denied that plaintiff was entitled to the relief for which she prayed. August 3, 1944, both parties being represented, the cause was heard and August 11, a decree entered in plaintiff's favor awarding her a decree of divorce on the ground of desertion and finding "That the parties

hereto have entered into an agreement to make a complete, final and effective provision for a settlement of their respective property rights and holdings, and the relinquishment of all rights, interests and claims which each party might otherwise have to the property of the other, and a final and effective settlement of the rights, claims and demands of the plaintiff against the defendant by way of alimony, dower, jointure and otherwise.'' That the matter of the settlement had been referred by the court to a commissioner to inquire into the settlement, etc.; that the parties had made full disclosure of their respective rights; that the settlement was found to be fair and equitable; that defendant had agreed to transfer to plaintiff certain real estate and in addition thereto, he ''agreed to pay to the plaintiff . . . Twenty-One Thousand ($21,-000.00) Dollars in the manner following: Seventy-Five Hundred ($7,500.00) at or before the entry of this Decree, and the balance'' $13,500 ''in weekly installments of Eighty ($80.00) Dollars each, the first installment to be payable one week after the entry of this Decree,'' and subsequently, weekly installments thereafter, ''without interest'' on deferred installments, until the $13,500 was paid in full. That in addition to the $21,000 defendant agreed to transfer to plaintiff certain personal property and to pay costs of $1,500 incurred by plaintiff in the divorce suit. That to secure the payment of the deferred installments defendant agreed to cause to be deposited with Louis L. Cohen as escrowee, all of the shares of the capital stock of the Kohl's Transfer Company (property which was owned by both of the parties) and in addition, certain policies of life insurance on his life, payable to plaintiff as beneficiary, should be deposited with Cohen until defendant had paid in full all of his obligations above mentioned. That upon compliance in full ''by the defendant with all of the foregoing undertakings, the plaintiff shall be considered as having released and forever discharged the defendant of

and from any and all claims and demands whatsoever by way of alimony, dower, homestead, jointure or otherwise, in the estate of the defendant, now owned or hereafter acquired by him.'' etc. It further appears that plaintiff was afterward lawfully remarried on October 10, 1945.

■ Counsel for Arthur J. Kohl contend (1) that after Mrs. Kohl remarried she was ''no longer entitled to receive alimony or maintenance from'' him and (2) that the award of attorney's fees ''in any amount was unwarranted, but if proper in some amount, the allowance was greatly excessive.'' On the other side the position of counsel for the former wife is that ''The provisions in the decree for periodic payments are in pursuance of the terms of a property settlement and not in payment of alimony and support.'' We think this contention must be sustained. The $21,000 and the other property awarded Mrs. Kohl and the property she conveyed to him, as mentioned in the decree, were not in payment of alimony but a property settlement made between the parties. The decree specifically provides for the transfer of certain properties, real and personal, between the parties and that he paid Mrs. Kohl $21,000—$7,500 of which was to be paid on the entry of the decree, and the balance $13,500 in weekly installments of $80 per week, without interest. This was a property settlement and not a decree for alimony. *Adler v. Adler*, 373 Ill. 361; *Miller v. Miller*, 317 Ill. App. 474; *Drangle v. Lindauer*, 323 Ill. App. 23; *Reighley v. Continental Illinois Nat. Bank*, 390 Ill. 242. And we think the case of *Banck v. Banck*, 322 Ill. App. 369, chiefly relied upon by counsel for defendant is not in point. In that case the wife obtained a decree of divorce and in the decree the parties mutually agreed ''upon a property and alimony settlement.'' That the property, real and personal, be divided and ''that in addition thereto, said plaintiff shall pay to the said defendant the sum of $4,500 as gross alimony'' $500 upon the entry of the

decree and the balance in monthly installments of $100 each. After the decree and after the property had been transferred and certain payments made on the $4,500 gross alimony, the wife remarried and plaintiff petitioned to be relieved from further payments. The relief was granted and the former wife appealed. The court held the $4,500 was payment of alimony at $100 per month and not a property settlement and affirmed the order of the trial court. In the instant case, the decree was for a property settlement and not for the payment of alimony. The court did not err in its ruling.

We are further of opinion that the $750 allowed for solicitor's fees was proper. *Slezak v. Slezak,* 293 Ill. App. 489; *Buehler v. Buehler,* 313 Ill. App. 265. And further that we would not be warranted in disturbing the amount awarded on the ground that it was excessive. The record discloses that counsel for the former Mrs. Kohl spent 50 hours in various court appearances and was asking for $1,500 fees. Counsel for Mr. Kohl said: "I have an objection to any fees here, for the simple reason that the only conference I had with Mr. Cole has been out here in the hall, talking to him. Several times we appeared for a hearing before your Honor before it was finally presented. It was continued ten or twelve times, that is true, but I do not think any order for fees is proper after decree in this situation. . . . The Court: I think he is entitled to some fees." Counsel for defendant: "$1,500 is exorbitant. Every time we came here, either your Honor could not hear us, or I was not ready or Mr. Cole was not ready. Mr. Cole: Mr. Cole has been ready every time. The Court: I do not like to cut your fees, but I do believe they should be cut in half."

The orders of the Superior court of Cook county appealed from are affirmed.

*Orders affirmed.*

NIEMEYER and FEINBERG, JJ., concur.