(No. 31874■■■■■■■■■■

OLA STAUFFER WALTERS, Appellee, *vs.* EDWARD H. WALTERS, Appellant.

*Opinion filed May 24, 1951.*

JOHNSTON, THOMPSON, RAYMOND & MAYER, of Chicago, (SAMUEL W. BLOCK, and ADDIS E. HULL, of counsel,) for appellant.

CANTWELL & CANTWELL, of Chicago, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

In 1946, a decree was entered by the superior court of Cook County in which the parties to this suit were divorced and the defendant-husband was required to pay to the wife a substantial sum of money over a period of ten years in installments of $267 per month. Subsequently the wife

remarried, whereupon the husband refused to make further payments under the decree; the wife filed her petition to show cause citing the defendant for contempt of court and the defendant answered and shortly thereafter sought a modification of the decree absolving him from future payments. The chancellor entered such an order, whereupon the case was appealed to the Appellate Court, First District, and that court reversed the order of the trial court and remanded the case, with directions, in an exhaustive resumé of the cases consisting of a majority, a specially concurring, and a dissenting opinion. In so far as possible, we shall avoid a repetition of the statement of facts and the analysis of the authorities as therein set forth in the report of this case (*Walters* v. *Walters,* 341 Ill. App. 561), which comes to us upon a certificate of importance granted by the Appellate Court.

The controversy arises over the proper interpretation of the divorce decree and the settlement agreement entered into between the parties and which was incorporated in, and made a part of, that decree. The contract, upon which the decree is based, recited that the payments therein provided were made as "a lump sum property settlement and alimony in gross, in full of her right, title and interest of every kind, nature, character and description whatsoever, in and to the property, income or estate which the husband now owns or may hereafter acquire." The words "alimony in gross" appear here only and in no other place in the contract or in the decree. The husband contends that, upon the wife's remarriage, all right to the installment payments ceased on the theory that the payments constituted "periodic" alimony. The wife, on the other hand, contends that this was a property settlement and the Appellate Court so held. The case in the main presents a single question: Was the agreement a property settlement and therefore a vested interest in the wife upon the signing of the decree, or were the provisions thereof alimony sub-

ject to modification under section 18 of the Divorce Act? There is an apparent conflict in the cases decided in other courts and by the various Appellate Courts in our own State and, in so far as we are able to learn, this is the first time the precise question has been presented to this court.

The plaintiff-wife first filed suit for separate maintenance in 1944. Subsequently, in 1946, a divorce decree was entered upon an amended complaint of the wife charging cruelty. All other charges and countercharges were dismissed and the case proceeded to hearing upon stipulation for an immediate hearing. The record in this case, consisting of over 400 pages, includes only a very few pages of testimony, but is replete with hearings, motions, citations, counterclaims, injunction and other orders and bespeaks the bitter controversy which has raged between these parties for over seven years and the end is not yet. The real fireworks began when the wife remarried and the defendant refused to make any further payments. He would have us construe the contract as though the same were strictly and solely an agreement for the payment of "periodic" alimony and would have us delete from the contract any and all reference to a "lump sum property settlement," relying for his authority upon the case of *Banck* v. *Banck,* 322 Ill. App. 369, in which case we denied leave to appeal. 326 Ill. App. XIV.

We shall attempt to clarify the rules applicable and to reconcile, if possible, the various conflicts or apparent conflicts in the decisions. For the sake of brevity we shall not try to analyze, each in detail, the various cases bearing on the subject matter and which have already been abstracted in the three Appellate Court opinions in this same case. To do so would unduly extend this opinion. This situation cannot arise as to decrees modified subsequent to 1949 when the last amendment to section 18 went into effect. (Ill. Rev. Stat. 1949, chap. 40, par. 19.) By that amendment all such settlements payable in installments

and made in lieu of alimony are to be received regardless of the remarriage of either party to the suit. Further complicating the issues, the plaintiff contends that the '49 amendment is retroactive and retrospective in effect while the defendant claims that it is not.

No evidence was taken upon the hearing of the petition for the rule to show cause or upon the defendant's petition to modify, nor was any proof offered before the chancellor on the original hearing for divorce as to the respective property holdings of either party to the suit. Both seemed to be reluctant to make a full disclosure as to their holdings, although the contract recites on its face that a full disclosure had been made each to the other. The plaintiff was an astute, self-sufficient and self-sustaining business woman. It is apparent from the record and the admissions in the pleadings that she had substantial earnings in her own right. It would appear that in her capacities as saleswoman and interior decorator she was virtually self-supporting. There were no children born as a result of the marriage and there is no question of support money to minor children involved. The defendant, likewise, is a successful businessman; was possessed of various stocks and bonds, including U. S. Government bonds and stock in a prominent insurance company; owned a controlling interest in a close corporation; was the owner of real-estate, including a gasoline station at 7700 South Ashland Avenue, Chicago; derived a substantial yearly income from the operation of a successful insurance agency over a period of twenty-five years and possessed substantial sums of life insurance. It would appear from the record that the main controversy between the parties, prior to the decree, concerned the settlement of their financial affairs, for the parties had been living separate and apart for about six months prior to the institution of the separate maintenance suit. Upon execution of the settlement contract, two years after the first complaint was filed, no time

was lost by either party in proceeding to decree. We must, therefore, look to the nature of the transaction and the intention of the parties to ascertain whether this particular contract was a property settlement or an agreement for "periodic" alimony.

Recurrently, decrees in matrimonial cases refer to "alimony in gross" or "gross alimony." Most generally these terms are applied to an amount agreed upon or determined in full or in lieu of all alimony and the amount is frequently payable in installments. Most of the confusion in those cases has resulted from a loose application of these terms and the intention of the parties has not been clearly established by the order or decree. To the list of cases cited in the Appellate Court opinion in this case, which hold a decree providing for an award in gross, payable in installments, constitutes. a final property settlement, may be added the case of *Miller* v. *Cooke Trust Company*, 33 Haw. 690 (1936), 127 A.L.R. 744. We think the rule in this State is that in cases prior to the amendment of 1949, where it clearly appears the order is for support and sustenance of the spouse and the provision therefor is plainly separable and segregable from the property provisions of the contract or decree upon which it is based, the total award, when it is so payable in installments, is modifiable at any time, upon a proper showing. In other words, if it is in fact an allowance for alimony, then it is modifiable as such, and therefore, before the amendment, remarriage would bar future payments. The decree here was a consent decree based upon the agreement of the parties. It was recited to be a "lump sum property settlement and alimony in gross." If we are to accept defendant's version we must hold it to be exclusively for periodic payments of alimony only. This we cannot do, for it would do violence to the very terms of the agreement itself. The contract and decree repeatedly refer to a property settlement. Only once does the word "alimony" appear in

any form in either. The plaintiff charges the words "alimony in gross" were inserted in the contract solely for the purpose of enabling defendant to deduct the installment payments from gross income under the Revenue Act and the regulations thereunder, requiring payments in installments to extend over a ten-year period. It is interesting to note in this connection that the agreed consideration of $34,540 was reduced by the initial payment of $2500 at the time the decree was entered, and that the balance of $32,040 was payable at the rate of $267 per month, thus satisfying this balance over a period of exactly ten years and one month from the date of the decree, giving to defendant the benefit of these provisions. The total amount agreed upon is the only consideration received by the wife except for the personal property and effects held by her during the separation, and the attorney's fees awarded her under the statute. It was made a charge upon the estate. There was a provision for a further sum by will if she did not remarry. Specific performance was agreed upon. Plaintiff was required to, and did, execute all the instruments necessary to effectuate the agreement. She has performed. The only thing remaining to be done is for the defendant to carry out his part of the bargain. We cannot separate or segregate any part or provision exclusively for alimony nor would we have any authority to do so. We must construe the contract as a whole and give effect to every word and part. (*Boundary County, Idaho* v. *Woldson,* 144 Fed. 2d 17, 20.) And in view of the circumstances we are able to discern from the record, we think this contract was a property settlement agreement and that the Appellate Court was quite correct in so holding. See *Kohl* v. *Kohl,* 330 Ill. App. 284.

Upon the hearing to modify, the wife offered to prove specific values of stocks, bonds and interests, owned or claimed to be owned by her, or jointly held. This proof was refused by the trial judge, but the offer of proof was

permitted to go into the record. We do not favor going behind decrees and, in any event, only proper proof could be admitted to explain the meaning of the contract and the consideration supplied. Under no circumstances, in the absence of fraud or want of jurisdiction, could the decree be opened up on the question of the divorce or the grounds thereof. We are, however, of the opinion that where a consent decree incorporates therein a voluntary contract between the parties without reciting the specific items making up the *quid pro quo,* thereby giving the court nothing upon which to base its decree as to property disposition, except the contract itself, either party thereto has the right to show what performance has been made by him or her pursuant to the terms of the contract and in compliance with its provisions. Admittedly, the wife, upon reliance on the promises to her, executed quitclaim deeds, assignments, stock powers and other instruments to give effect to the agreement. Precisely what they were she perhaps cannot now recite in detail, but the records would show, and all this was subsequent to the contract and in execution of it. These acts of performance then, we think, were a proper subject of inquiry by the court. It is always allowable to look to the interpretation the contracting parties place on their agreement, either contemporaneously or in its performance, for assistance in obtaining its true meaning. No extrinsic aid can be more valuable. *Storey v. Storey,* 125 Ill. 608, 613.

Parties to divorce suits are to be commended for their attempts to settle their property interests amicably. This not only saves the courts from being fraught with detail, and the necessity of repeated, recurrent hearings, but leads to better feeling and the peace of mind among the litigants. In proper property settlement cases where equities are surrendered and substantial property rights relinquished, no party should be penalized for refraining from throwing the burden of a piecemeal accounting upon the court.

In *Kohl* v. *Kohl,* 330 Ill. App. 284, which is the nearest in analogy to this case, the court adequately distinguishes the *Banck case* (*Banck* v. *Banck,* 322 Ill. App. 369,) from the case at bar. Much is made of the fact this court denied leave to appeal in the *Banck case.* A denial of leave to appeal is merely authority for the correctness of the result reached and in no way adopts or certifies to the language stated in the opinion. The denial of leave to appeal, then, attests that this court thought the result was correct and proper under the facts there presented. We deem it unnecessary to discuss the *Hotzfield case* cited, (*Hotzfield* v. *Hotzfield,* 336 Ill. App. 238,) as that case follows and quotes at length and verbatim from the *Banck case.* The harshness of the strict application of the rules stated in the *Banck case* to other cases, without due consideration to the particular facts involved, no doubt led to the adoption by the legislature of the 1949 amendment, wherein, at least as to decrees entered before and modified after its adoption, this situation cannot again occur. In the light of the view we take of this case, it is not necessary to decide, under the issues and facts here presented, whether or not that amendment has a retrospective effect upon this decree.

Had the defendant complied with the terms of his agreement plaintiff would not be in court. It was his refusal to carry out its provisions which forced her to resort to the courts for relief. In such a situation the plaintiff should not be without her reasonable attorney's fees, a right accorded to her under the statute, and the referral by the Appellate Court for an order therefor was proper.

The judgment of the Appellate Court, First District, reversing and remanding the cause to the superior court of Cook County, with directions, is affirmed.

*Judgment affirmed.*