528

## John H. Harding v. Courtenay M. Harding

[346 A.2d 198]

No. 236-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed October 7, 1975

*David L. Cleary, Esq.*, of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

*Frederick G. Cleveland, Esq.*, of *McKee, Clewley and Fitz-Patrick*, Montpelier, for Defendant.

**Smith, J.** The parties were divorced by the then Washington County Court, following a contested hearing, on October 3, 1973, with the decree granted to the plaintiff, and with an order awarding the custody of their three children to the defendant, dividing the real and personal property, and providing for alimony and child support.

By agreement of the parties and with the approval of the court, the provisions in the notice of decision pertaining to alimony, support, and the distribution of property were modified on October 25, 1973.

On the third day of September, 1974, the defendant, Courtenay M. Harding, brought a petition for contempt against the plaintiff for alleged failure to keep his alimony and support payments up to date. On September 18, 1974, the plaintiff brought his motion to revise the final order and decree on the

grounds that there had been a substantial change of circumstances of the plaintiff and that the defendant had remarried.

The Washington Superior Court heard both matters on October 4, 1974, and, after making findings of fact and conclusions of law, issued an order finding the plaintiff in contempt of court since August 17, 1974, and dismissing plaintiff's motion to revise or modify the judgment order dated October 25, 1973.

The plaintiff has timely brought his appeal to this Court, questioning whether the marriage of the defendant on August 17, 1974, terminated the plaintiff's obligation to pay alimony and whether all of the findings of fact are supported by the evidence.

The plaintiff specifically assails Finding 16 of the lower court, which essentially is that that court was unable to find a substantial change in the material circumstances of either party since the original order was made. But the principal question raised by the plaintiff is whether the remarriage of the defendant terminated the plaintiff's obligation to pay alimony. There is nothing in the decision and judgment in either the original or amended decree below which states that the alimony provision of the decree shall be terminated on the remarriage of the defendant, nor, as the parties agree, is there any statutory provision in Vermont which provides for automatic termination of alimony payments upon remarriage of the party to whom they are awarded.

The provision for alimony filed on October 25, 1973, which the trial court found to have been by agreement of the parties and with its approval, is as follows: "(4) The plaintiff is ordered to pay monthly alimony to the defendant in the amount of Eight Thousand Dollars ($8,000.00) per year for three (3) years. The plaintiff is further ordered to pay the mortgage on the homeplace, taxes, insurance and water plus all major repairs."

At the time of the divorce the lower court found that the plaintiff was the sole means of support for the family, consisting of his former wife, their three minor children, and himself; and the defendant was in no position to take on the financial responsibilities of providing a home for herself and her children.

Soon after the divorce, the defendant became a student of Vermont College, and is now studying to be a nurse, with the expectation she will graduate in 1976. She remarried on August 17, 1974. Her new husband is a college graduate, with a degree in psychology, who plans to enter medical school after paying off debts he contracted to pay for his college education. He had no substantial salary at the time of the hearing below and gives the defendant $10.00 per week to assist in support and maintenance of their home and himself.

The plaintiff remarried in November of 1973. His present wife has two children by a prior marriage, one of whom is supported by her former husband; and the other, being over the age of 18, is supported by her. She is gainfully employed and has a gross salary of $8,900. The plaintiff has received an increase in salary since the time of the divorce, and his gross income has increased from $34,200 to $35,400. He has bought a new home and has assumed substantial loan and mortgage expenses in such acquisition.

The evidence given below supports the finding (No. 16) of the lower court that there has not been a substantial change in the material circumstances of either party since the original order was made. This finding must be sustained here unless the defendant's remarriage can be considered a material change in circumstances under the facts presented. The court below stated in its conclusions:

> Viewing the property distribution, alimony, and support provisions contained in the Judgment Order, together, it appears they were designed to provide adequate support for the children and to assist the defendant through a difficult period of readjustment until she finished her education. In light of all the circumstances, this Court holds that the so-called alimony payments should remain in full force and effect.

We note that the alimony provision of October 25, 1973, agreed to by the parties and approved by the court, is for a definite and determinative period of time, three years. Further, the total amount to be paid in monthly installments during this period is easily ascertainable, being $24,000. Thus, we are not confronted here with an alimony order extending

indefinitely into the future. We think it more than a coincidence that this same period of time is that needed for the defendant to complete her studies and become self-supporting, and significant that the alimony payments are limited to this length of time.

> When the parties make their own arrangements, as they are permitted to do by 15 V.S.A. § 552 (now § 553), and their stipulations find acceptance with the court hearing the matter, the need for later alteration should have especially explicit exposition. For the parties have contracted, and, if modification is freely indulged or granted without warrant, a party may have forfeited rights or positions of advantage for consideration that suddenly becomes insecure or inadequate.

*Braine* v. *Braine,* 127 Vt. 211, 213, 243 A.2d 797 (1968). See also *Hoffman* v. *Hoffman,* 133 Vt. 179, 180, 333 A.2d 94 (1975).

"Alimony in gross, or 'lump-sum alimony,' is fundamentally the award of a definite sum of money; and if the sum is payable in instalments the payments run for a definite length of time. The sum is payable in full, regardless of . . . the remarriage of the wife." 24 Am.Jur.2d *Divorce and Separation* § 614, at 735; *Walters* v. *Walters,* 341 Ill. App. 561, 94 N.E.2d 726 (1950), *aff'd,* 409 Ill. 298, 99 N.E.2d 342 (1951).

*Judgment affirmed.*