565 P.2d 890

**Donald Arthur FAWKES, Appellant,**

v.

**Sharon Elaine FAWKES, Appellee.**

No. 2 CA–CIV 2322.

Court of Appeals of Arizona, Division 2.

Feb. 22, 1977.

Bachstein & Coffey, P. C. by Harry S. Bachstein, Jr., Tucson, for appellant.

Michael J. Vingelli, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

This appeal requires us to once again address the issue of whether A.R.S. § 25–327(B) relating to termination of spousal maintenance upon remarriage or death applies to a fixed spousal maintenance award payable in monthly installments for a limited number of months. We recently determined that A.R.S. § 25–327(B) applies to "all 'future maintenance' whether periodic or lump sum." *Fye v. Zigoures*, Ariz.App., 562 P.2d 1077, 1079 (filed January 13, 1977). We re-affirm this holding and find therefore that the judgment of the lower court must be reversed.

The pertinent facts of this case are as follows. On October 6, 1975, a decree of dissolution was entered terminating the marriage of appellant and appellee. The decree provided that ". . . Petitioner [Donald Fawkes] pay to Respondent, effective July 1, 1975, the sum of $100.00 per month for a period of one (1) year, as and

for spousal maintenance . . . ." Sharon Fawkes remarried during January 1976, and appellant ceased making payments at that time. On March 15, 1976, appellee filed a Petition for Order to Show Cause Re: Contempt. She alleged that appellant was in arrears for payments due in January, February and March. After a hearing, the trial judge found the appellant to be in contempt and granted judgment in favor of appellee for amounts due from January through April 1976. Appellee was awarded her attorney's fees and the court ordered that appellant could purge himself of contempt by making the missed payments.

Following *Fye v. Zigoures*, we hold that appellant's obligation to make spousal maintenance payments terminated upon the remarriage of his former spouse. We reverse and remand with instructions that the trial court enter an order relieving appellant from the obligation to make payments subsequent to appellee's remarriage. We also reverse the judgment awarding appellee her attorney's fees.

HOWARD, C. J., and RICHMOND, J., concur.