HUNT v BARKER

Docket No. 77106. Submitted November 20, 1984, at Lansing.—Decided December 18, 1984.

Plaintiff, Louann Hunt, and defendant, Richard L. Barker, had their marriage dissolved by a consent judgment entered in Illinois. The terms of the judgment required defendant to pay plaintiff "nonmodifiable maintenance in gross" in monthly installments for 121 months. When plaintiff remarried, defendant quit making payments. Plaintiff brought an action in the Saginaw Circuit Court to enforce the Illinois judgment. The court, Robert S. Gilbert, J., granted judgment for plaintiff and denied a new trial. Defendant appealed. *Held:*

The Illinois judgment is entitled to full faith and credit in Michigan. Whether or not defendant must continue to pay plaintiff rests on whether the required payment is alimony or a property settlement. Since the parties were Illinois residents at the time of entry of the judgment, Illinois law must be applied. Under Illinois law, the payment requirement is properly construed as a property settlement.

Affirmed.

DIVORCE — JUDGMENTS — FOREIGN JUDGMENTS.

Michigan courts are bound to apply the law of the foreign state in construing the terms of a consent judgment of divorce entered in another state where both parties were residents of the foreign state at the time of the judgment.

*Doozan & Scorsone, P.C.* (by *Vincent A. Scorsone),* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Timothy L. Curtiss),* for defendant.

Before: J. H. GILLIS, P.J., and CYNAR and C. L. BOSMAN,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
24 Am Jur 2d, Divorce and Separation § 1101 *et seq.*
* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant, the divorced husband of plaintiff, appeals as of right from the trial court's order requiring adherence to the terms of the judgment for dissolution of marriage entered in Illinois on October 12, 1978. Defendant also appeals from the lower court's denial of his motion for new trial.

Pursuant to paragraph 5 of the parties' divorce judgment and property settlement, defendant had agreed to pay plaintiff $75,625 in 121 monthly installments. Defendant complied with the terms of the judgment until December 1979, at which time plaintiff remarried. Defendant justified the subsequent termination of payments on the basis of § 510 of the Illinois Marriage and Dissolution of Marriage Act, which provides that "[t]he obligation to pay future maintenance is terminated upon the death of either party, or the remarriage of the party receiving the maintenance * * *". However, this section of the Illinois act is applicable only to alimony provisions of a divorce judgment, not to vested property rights. Thus, the issue presented is whether the trial court's characterization of paragraph 5 of the divorce judgment as a property settlement was clearly erroneous. In deciding this matter, we are bound to apply Illinois law since both parties were residents of that state at the time of the judgment. *Cantor v Cantor,* 87 Mich App 485; 274 NW2d 825 (1978).

The distinction between alimony and a property settlement (*i.e.,* alimony in gross) was discussed at length in *Walters v Walters,* 341 Ill App 561; 94 NE2d 726 (1950). The following factors were identified by the Illinois court as characteristic of alimony:

1) It extends for an idenfinite period of time.

2) It is for an indefinite sum.

3) It is based on the husband's income and wife's

needs, and is determined from the standpoint in which they have been accustomed to living.

4) It is modifiable when the wife's needs decrease or increase, or when the husband's ability to pay increases or decreases.

5) It usually terminates on the death of the husband, although by agreement payments may be made a charge upon the husband's estate after they become due.

6) It is never a charge on the husband's estate in advance of the due date because it is not vested prior to that time.

7) It is not based on any consideration moving from the wife to the husband, but on the husband's common-law duty to support the wife.

In contrast, "alimony in gross" is defined as:

1) A definite sum of money.

2) A payment for a definite length of time.

3) A definite charge upon the husband's estate.

4) Not modifiable.

Further, alimony in gross may be payable in installments without affecting its nature or effect. *Walters, supra,* p 571; *Jacobson v Jacobson,* 50 Ill App 2d 244; 200 NE2d 379 (1964).

In deciding whether to construe the provisions of a divorce judgment as alimony or a property settlement, the intent of the parties may not be disregarded. Extrinsic evidence may be introduced to aid in the interpretation if the agreement is incomplete or the language ambiguous; otherwise, the parties' intent must be determined from the language of the instrument itself. Whether an agreement is ambiguous is a question of law for the trial court. *In re Marriage of Carol A Marquardt,* 110 Ill App 3d 271; 442 NE2d 267 (1982).

The provision at issue here, paragraph 5 of the

judgment for dissolution of marriage, provides as follows:

"The husband covenants and agrees that he will pay to the wife the sum of Seventy Five Thousand Six Hundred Twenty Five Dollars ($75,625.00) as and for nonmodifiable maintenance in gross, and in lieu and stead of permanent maintenance for the wife, payable in monthly installments on the 1st day of each month, commencing on the first day of November, 1978, and continuing upon the corresponding date of each and every month thereafter for a total of one hundred twenty one (121) months. The obligation of the husband to pay, and the right of the wife to receive, the sums for the payment of which covenant is hereinabove made, shall terminate only upon the making of the complete payment of Seventy Five Thousand Six Hundred Twenty Five Dollars ($75,625.00), by paying the sum of Six Hundred Twenty Five Dollars per month ($625.00) commencing on the 1st day of November, 1978 and continuing on the corresponding date of each and every month thereafter until November 1, 1988.

"The sums aforesaid shall be deemed to be payable incident to the entry of a judgment for Dissolution of Marriage and in full and complete discharge of the legal duty of the husband to support and maintain the wife, and to be includible in the income of the wife and deductible from the income of the husband, all within the meaning and intendment of the provisions of Section 71 and 215 of the United States Internal Revenue Code of 1954, as amended, or any identical or comparable provision of any revenue code or amendment thereof hereafter enacted.

"The parties further agree that in the event the husband dies before the completion of the maintenance in gross payments that the wife will have a claim against his estate for the unpaid balance of maintenance of gross payments.

"The parties further covenant and agree that the amount of maintenance so fixed has been arrived at in the light of the knowledge that the wife may hereafter derive income from employment or from other sources; the fact that the wife may hereafter derive such income

shall not be deemed to comprise a ground for the making by the husband of an application of any Court of competent jurisdiction for a reduction in the amount of such maintenance."

Keeping in mind the defintions of alimony and property settlement set out above, we believe the trial court ruled correctly in construing the quoted provision as a property settlement. The first indication that this was the parties' intent, although not determinative, is the fact that the provision was labeled "maintenance in gross". Further, the payment specified in paragraph 5 was for a definite sum of money to be paid in a definite period of time, *i.e.,* 121 monthly installments of $625. The agreement specifically states that the payments are not based upon plaintiff's needs or future income, and no provision for modification of the agreement is included, even in the event of a change in the plaintiff's financial condition. Finally, the payments are charged against the defendant's estate in advance, evidencing the intent of the parties that the plaintiff's right to the payments be vested upon entry of the judgment for dissolution of marriage.

Each of the factors listed above strongly support the trial court's finding that the payment constituted a property settlement. The only factor which lends support to the defendant's position in this matter is the question of consideration passing to defendant in return for the payment. See *In re Marriage of Mary Ellen Lowe,* 101 Ill App 3d 317; 427 NE2d 1367 (1981). Nonetheless, defendant did receive certain property, rights, and promises from the plaintiff. For example, defendant was allowed to occupy the marital home, and the parties agreed to split the proceeds from the sale of the home and to divide the furnishings, furniture and

fixtures. Plaintiff accepted $20,000 in exchange for defendant's right to keep certain stock, pension and thrift plans, and a tax shelter plan. Further, plaintiff waived all present and future rights in defendant's personal and real property. Finally, the parties stipulated that the $75,625 would be paid "in lieu and stead of permanent maintenance for the wife". Thus, this case is easily distinguished from *Warren v Warren,* 88 Ill App 3d 543; 410 NE2d 915 (1980), where consideration was found to be absent as a result of the fact that the property settlement permitted the husband to retain only his personal belongings.

Furthermore, the fact that plaintiff declared the payments as alimony on her 1979 federal income tax return is not especially significant. The settlement agreement mandates that the payments, for federal taxation purposes, be included in the income of the wife and deducted from the income of the husband. Therefore, since payments can only be deducted from the income of the husband if they are labeled as alimony, plaintiff had no choice but to declare the payments as alimony. The choice of labels had no practical significance for the plaintiff since she would be taxed in either event. Thus, plaintiff was simply complying with the terms of the agreement, a fact which does nothing to change the actual character of the payments.

We therefore affirm the trial court's construction of the judgment for dissolution of marriage, and specifically paragraph 5 of that judgment. We also affirm the trial court's denial of defendant's requests for a new trial and to allow the introduction of extrinsic evidence of the parties' intent. Defendant based his motion for new trial on GCR 1963, 527.1 and 528.3. However, none of the fac-

tors specified in GCR 1963, 527.1(1)-(9) were present, nor did the case involve mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud, as required in rule 528.3. Defendant's motion was therefore groundless, and the trial court did not abuse its discretion in denying the relief requested. We also note that, since the trial court found no ambiguity in the language of the judgment for dissolution of marriage, extrinsic evidence was properly excluded. *In re Carol A Marquardt, supra.*

Affirmed.