Clarence R. Lindeman, Appellee, v. Rosalind J. Lindeman, Appellant.

Gen. No. 44,637.

Opinion filed April 4, 1949.   Rehearing denied April 25, 1949.   Released for publication May 17, 1949.

SOL R. FRIEDMAN, I. S. FRIEDMAN and PAUL P. DOLENAK, all of Chicago, for appellant.

SHERWIN & SHERWIN, of Chicago, for appellee; THEODORE R. SHERWIN and JULIUS L. SHERWIN, both of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a decree of divorce entered on the complaint of her husband, filed March 17, 1947, charging desertion.

The decree finds that "plaintiff stayed at the home of his mother-in-law, though separate and apart from defendant, from March 7, 1946 to on or about March 23, 1946; that on March 7, 1946, defendant ordered plaintiff to leave the premises and repeated her demands daily until plaintiff's departure on March 23, 1946. The court further finds from the evidence that on March 7, 1946, defendant renounced and totally abnegated all her marital vows and obligations incident to the marriage contract of the parties." This finding is based on plaintiff's testimony that from his arrival in Chicago on March 7, 1946, after his discharge from the navy, until he left the home of defendant's parents he was forced to sleep on a day bed in the kitchen and was not permitted to sleep with defendant, who at all times occupied another room in the home.

We are confronted with the question whether the statutory period of divorce can begin to run while the husband and wife are living in the same home. The answer is no. In *Fritz v. Fritz*, 138 Ill. 436, cited by both parties, where plaintiff contended that refusal of

his wife to have sexual intercourse with him for the statutory period constituted desertion, the court said: ''We think that the willful desertion here referred to was intended to mean the abnegation of all the duties of the marital relation, and not of one alone. In *Carter v. Carter,* 62 Ill. 439, desertion is treated as synonymous with absence, and absence involves the neglect of other duties than the one in question.'' It appears from the decree that until March 23, 1946, notwithstanding defendant's orders that plaintiff leave the premises, the plaintiff did not absent himself from defendant and thereby commence the constructive desertion by defendant resulting from her orders that plaintiff leave her. The statutory period had not run when the complaint was filed and plaintiff cannot maintain his action. *Embree v. Embree,* 53 Ill. 394.

The decree is reversed.

*Reversed.*

FEINBERG, P. J., and TUOHY, J., concur.