**Lena Kathryne Hayes, Plaintiff-Appellee, v.
Alfred R. Hayes, Defendant-Appellant.**

Gen. No. 68–125.

Fifth District.

December 3, 1969.

211

Lester R. Lightfoot, of Harrisburg, for appellant.

Donald G. Musick, Kirk & Musick, of Mt. Vernon, for appellee.

EBERSPACHER, J.

The plaintiff, Lena K. Hayes, brought this suit for divorce against the defendant, Alfred R. Hayes, on the grounds of mental cruelty. The matter was heard by the trial court which granted the plaintiff a decree of divorce. The defendant appeals from that decree, contending that the granting of the divorce was con-

trary to the manifest weight of the evidence; that the acts and conduct of the defendant do not constitute extreme and repeated mental cruelty.

The pleadings reveal that the original complaint was filed on January 25, 1968, alleging extreme and repeated mental cruelty. The defendant filed his answer on March 4, 1968. No affirmative pleadings were contained in the answer.

Also on January 25, 1968, the plaintiff filed her motion for temporary support. The motion was heard on January 31, 1968, and on February 2, 1968, the court granted plaintiff's motion and made an award for temporary support.

The following June 25th, 1968, defendant filed a motion for Summary Judgment on the basis of the plaintiff's testimony at the January 31st hearing. The motion for Summary Judgment was denied on August 1, 1968. Trial was held on September 11, 1968, without a jury and the court awarded a decree of divorce to the plaintiff with alimony of $250 per month.

At the trial it was stipulated that the evidence adduced at the January 31st hearing for temporary support should be considered as evidence.

The record indicated that the parties had been married almost 30 years at the time of the trial and that there were two adult children; further that the plaintiff was 51 years of age at the time of the trial and the defendant was 53.

Only the plaintiff testified in support of her allegation of mental cruelty. She testified, with regard to the defendant's conduct, that he had threatened her, that he would fly into a rage, that he "looking like he hated me" kicked a coffee table and rammed it into her knee, that he would stomp and hit the door and curse if she spoke, that he just "wants me to sit there." The plaintiff further testified that the conduct of the de-

fendant had caused her to almost have a nervous breakdown.

The plaintiff is a woman of poor health. The evidence indicates that she has had cancer within five years of the trial. She had, in 1965, a complete hysterectomy and prior to that, breast surgery. She was not suffering from the malady at the time of the trial. She does, however, suffer from allergy and arthritis, and is a mild diabetic. As a result of these ailments and her nervous condition, she states she is not able to perform a full-time job. She has worked at several unskilled part-time jobs, and was so employed at the date of the trial.

Two letters prepared by a psychiatrist who had examined the plaintiff were received in evidence by stipulation. These letters in evaluating the plaintiff's condition, state in part: "She complains of his (her husband) moodiness, verbal and at times physical abuse. . . . After a quarrel with her husband, Mrs. Hayes made a suicide gesture by taking an overdose of diabetic pills and other medications. She is under stress concerning her health." Then further, "There is no question that a profound emotional incompatibility now exists between them." The letters also contained reference to visits by the defendant. The doctor commenting thereon stated "he confirms her constant suspicion and the emotional problem between them." The defendant testified in direct contradiction to the plaintiff. He stated that he had great affection for his wife, that he had never laid a hand on her, that he had no idea why his wife left him, that his wife falsely accused him of being with other women which caused him to be nervous, further that he never threatened her, that he tried to talk things out with his wife, that he never drank to excess, that he never did anything to cause his wife any extreme mental strain, stating, "I have always tried

to get along with my wife. I went along with her on everything."

The defendant then further gave evidence that he is afflicted with asthma and is under a doctor's care, that he is regularly employed as a truck driver and in 1967 earned $10,000 in such capacity. His average weekly wage at the time of the trial was approximately $170 per week net take-home pay.

Only one independent witness testified in person at the trial, he having been called by the defendant. This witness, a neighbor who had known the parties for five or six years, stated that he never saw any misconduct on the part of the defendant, never heard any disturbances, bickering or arguments.

■■■ It is within the province of the trial court to make the determination whether there has been sufficient evidence with which to establish either party's contentions. In the instant case the trial court heard the evidence, viewed the witnesses and was in a better position to conclude the issues. This court will not set aside the findings and judgment of the trial court unless the decision reached by such trial court is against the manifest weight of the evidence. Hoffman v. Hoffman, 40 Ill2d 344, 239 NE2d 792 (1968); Curran v. Curran, 19 Ill2d 164, 166 NE2d 13 (1960), and the trial court's findings are presumed to be correct. Gillespie v. Gillespie, 70 Ill App2d 38, 216 NE2d 462.

■■ ■■ "Whether certain acts will constitute physical or mental cruelty still depends upon the total factual background surrounding the conduct under question. This includes the particular emotional and personal makeup of the parties and the varying circumstances under which any of the incidents occurred that may have given rise to the acts." Stanard v. Stanard, 108 Ill App2d 240, 247 NE2d 438 (1969). In this case the emotional makeup of the plaintiff must be considered

in determining the effect of the conduct of defendant in providing grounds for the mental cruelty allegation. Plaintiff's testimony, taken with the psychiatrist's reports, furnish an adequate basis for the court's findings.

The defendant urges also that he has set forth the defense of recrimination which has not been denied by the plaintiff. This issue, however, was not raised by the pleadings and this may not now be considered. Stanard v. Stanard, supra.

Finally, the defendant urges that the court erred in awarding alimony to the plaintiff. In making such contention, he assumes an absence of fault and that under such circumstances he should only be required to furnish support at his domicile. His theory takes no recognition of the doctrine pronounced in Fox v. Fox, 9 Ill2d 509, 138 NE2d 547, to the effect that alimony may be awarded to an erring wife under certain circumstances, and ignores the trial court's finding "that defendant has been guilty of extreme and repeated mental cruelty" as charged in her complaint.

From a careful consideration of the record we cannot find that the decision of the trial court is against the manifest weight of the evidence.

The judgment of the Circuit Court of Saline County is affirmed.

Judgment affirmed.

MORAN and GOLDENHERSH, JJ., concur.