2 Ill. App.3d 596 (1971)
274 N.E.2d 694
ADELYNNE WOODSHANK, Plaintiff-Appellee,
v.
RUDOLPH M. WOODSHANK, Defendant-Appellant.
No. 70-118.
Illinois Appellate Court  Third District.
October 26, 1971.
*597 Louis Olivero, of Peru, for appellant.
Paul J. Perona, Jr., of Spring Valley, for appellee.
Decree affirmed.
Mr. JUSTICE STOUDER delivered the opinion of the court:
On December 19, 1968, Plaintiff-Appellee, Adelynne Woodshank, filed her complaint in the circuit court of La Salle County seeking a divorce from Rudolph Woodshank, Defendant-Appellant, on the grounds of mental and physical cruelty. Pursuant to defendant's demand therefore the issues were submitted to a jury which found in favor of plaintiff and pursuant to such finding the decree of divorce was entered in favor of plaintiff by the trial court. The decree awarded custody of the only child of the marriage still a minor to plaintiff. The decree ordered defendant to pay $20.00 per week for the support of such child and $25.00 per week as alimony and also awarded plaintiff $2,500.00 as attorney's fees. Post trial motions were denied and defendant has appealed. Plaintiff has also cross appealed from that part of the decree awarding attorney's fees, child support and alimony.
Plaintiff and defendant were married in 1947 and separated December 2, 1968. Two children were born of the marriage but only one child was still a minor at the time of the hearing in this cause. Defendant is a brick layer, works regularly except for seasonal interruption and has been a good provider for his family. Plaintiff has worked as a secretary in an insurance agency since 1960.
It appears that the parties had arguments ever since they were married. These arguments, according to plaintiff, originally centered around her management of the family money and they occurred on the average of once a month during the first ten years of the marriage.
*598 According to plaintiff the arguments increased in number and intensity during the last one and a half years the parties lived together and occurred almost daily during the last two months prior to their separation. The arguments from October through December, 1968, were mainly involved with the plaintiff's activities in the Catholic War Veteran's Auxiliary. During the course of these arguments, the defendant would according to plaintiff, yell, get red and flush in the face, spit and foam at the mouth, and knock things down in the house. Furthermore according to plaintiff, defendant used all manner of profanity, including vile names (illustrating the epithets used), without regard to whether the children were present, frequently during the period prior to the separation told her to "get the hell out" and generally tried to intimidate the plaintiff in other ways. As a consequence of defendant's conduct plaintiff indicated that she became tense, haggard, distraught, nervous, and ill at ease. She feared for her life, was very nervous, and cried a lot. Plaintiff's testimony is corroborated to some extent by the testimony of her brother, mother and the two children of the marriage.
Defendant denied plaintiff's accounts of the arguments, insisted that he was a man of gentle temper, had not used the profanity charged and that whatever difficulties the parties had were caused by plaintiff's auxiliary activities. According to defendant, plaintiff neglected her household duties in preference to auxiliary business and refused to permit him to accompany her to banquets of the organization where husbands were generally invited.
Plaintiff also testified concerning acts of physical cruelty alleged to have taken place in 1948, 1950 and 1959, but in view of our conclusion this aspect of the case does not require further discussion.
So far as the charge of extreme and repeated mental cruelty is concerned it is defendant's contention that the evidence is insufficient to support such charge as a matter of law. In particular defendant argues that the character of his conduct does not fall within the generally accepted standards or criteria of mental cruelty and that in any event the complained of conduct was provoked by plaintiff. As indicated earlier the issues were submitted to a jury the only instructions being tendered by defendant and given by the court, consequently the defendant has not complained of any irregularities in the instructions.
 1-4 It is a basic interest of the State to preserve the integrity and continuity of marriages and divorces will not be granted unless there is sufficient evidence of cause therefore as specified by statute. As has been observed in recent Illinois decisions extreme and repeated mental cruelty as a grounds for divorce is of rather recent orgin in Illinois. The enunciation and application of the principles regarding this ground for divorce *599 are therefore in a state of development. According to Howison v. Howison, 128 Ill. App.2d 377, 262 N.E.2d 1, "The conduct of a defendant may vary from case to case but the ultimate test is the effect such conduct has upon the plaintiff and the marriage. Nelson on Divorce, in commenting upon the subject, has stated that decisions, in various jurisdictions, defining mental cruelty have employed a variety of phraseology making it impossible to set forth all such conditions in an acceptable form. However, it is generally recognized that the elements consist of a course of abusive and humiliating treatment, calculated or obviously of a nature to torture, discommode, or render miserable the life of the opposite spouse; and which actually affects the physical or mental health of such spouse." As observed in Stanard v. Stanard, 108 Ill. App.2d 240, 247 N.E.2d 438, "Whether certain acts will constitute * * * mental cruelty still depends upon the total factual background surrounding the conduct under question. This includes the particular emotional and personal makeup of the parties, and the varying circumstances under which any of the incidents occurred that may have given rise to the acts."
In reviewing the sufficiency of the evidence it is our duty to consider all of the evidence in its aspect most favorable to the plaintiff. From our foregoing summary of the evidence and from the briefs it appears that the nature and causes of defendant's conduct as well as its effect on plaintiff is disputed. Much of defendant's argument is advanced to discredit, discount or dismiss the evidence favorable to and supporting plaintiff's cause of action which tends to confirm the judgment of this court that the issues are those appropriately submitted to and resolved by a jury. Loveless v. Loveless, (Ill. App.2d), 261 N.E.2d 732.
 5, 6 Although defendant denied the conduct attributed to him, his contradictory position with respect to such conduct can not be overlooked. Although parties may adopt contradictory legal theories in an effort to explain or justify contingent underlying factual situations the trier of fact may well draw completely unfavorable inferences when a party seeks to support two contradictory factual situations. From the tenor of defendant's cross-examination of plaintiff and her witnesses, his own testimony and the arguments of defendant's counsel, defendant denied any misconduct but then sought to justify his conduct by taking the position that whatever he had done was provoked by plaintiff. The possible consequences of such contradictions is evident.
 7, 8 So far as provocation is concerned it seems to be defendant's position that so long as plaintiff either by word or deed contributed to the controversies then his response no matter how severe is justified. We are aware that arguments, disputes and the bitter recriminations which *600 may take place between the parties to a marriage do not occur in a vacuum and seldom are completely one sided. However the concept of cruelty as a basis for divorce whether mental or physical contemplates that the propriety of the conduct be judged in light of all the circumstances including any precipitating conduct. (Hoffman v. Hoffman, 40 Ill.2d 344, 239 N.E.2d 792.) Whether defendant's conduct was appropriate under the circumstances presented a question of fact and the jury's resolution of this issue against him is supported by ample evidence.
Since it is our conclusion there is sufficient evidence to support the decree of divorce based on mental cruelty it is unnecessary to consider defendant's other principal assignment of error namely that there is an insufficiency of evidence to justify the decree on the basis of physical cruelty. Nor do we believe it necessary to consider other points raised by defendant concerning the conduct of the trial since we believe no prejudicial error was committed.
 9 Plaintiff has cross-appealed assigning as error that the amounts allowed by the trial court for attorney's fees, child support and alimony are inadequate. We believe it would serve no useful purpose to detail the evidence regarding the finances of the parties but believe it sufficient to say that the awards are within the range of the evidence and hence the trial judge did not abuse his discretion.
For the foregoing reasons the decree of the circuit court of La Salle County is affirmed.
Decree affirmed.
ALLOY, P.J., and SCOTT, J., concur.