ELAINE QUILTY, Plaintiff-Appellant, *v.* ROBERT QUILTY, Defendant-Appellee.

(No. 71-136;

Third District—June 8, 1972.

Dorothea O'Dean, of Rock Island, for appellant.

Robert E. White, of Galesburg, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Elaine Quilty, filed a complaint for divorce against the Defendant, Robert Quilty, in the Circuit Court of Knox County on the grounds of extreme and repeated mental cruelty. Defendant answered the complaint and filed a counterclaim seeking a divorce from plaintiff on grounds of extreme and repeated mental cruelty. The plaintiff answered the counterclaim setting up the affirmative defense of defendant's misconduct and thereafter pursuant to leave of court, plaintiff withdrew her complaint for divorce. Hearing was had on defendant's counterclaim for divorce and plaintiff's response thereto. The trial court found the equities in favor of defendant (counter-plaintiff), granted him a divorce, provided for custody of minor children and made provision regarding property of the parties. The parties were married in 1946 and lived together until January, 1971, at which time they separated. Five children were born of the marriage and at the time of the hearing their ages ranged from 8 to 18 years. On this appeal plaintiff (counter-defendant) argues that first the evidence is insufficient to support the court's decree granting defendant (counter-plaintiff) a divorce on grounds of extreme and repeated mental cruelty and second the court erred in denying plaintiff alimony.

With respect to counter-defendant's argument concerning the insufficiency of the evidence she contends that counter-plaintiff failed to prove that her conduct was unprovoked or that such conduct caused him distress or endangered his health rendering his life as a husband miserable and unendurable. Contrariwise counter-plaintiff argues the evidence is sufficient in the respects complained of.

Without detailing the evidence which is disputed there is evidence from which it may be inferred that counter-defendant was a poor housekeeper, did not prepare meals regularly for the family, bothered counter-plaintiff at his office and was quarrelsome. On the other hand there was evidence introduced in behalf of the counter-defendant that counter-

plaintiff was quarrelsome, was a week-end drinker and refused to have sexual relationships with counter-defendant.

In *Howison v. Howison,* 128 Ill.App.2d 377, 262 N.E.2d 1, the court observed, "What constitutes mental cruelty depends upon the total circumstances set forth in a given case. The conduct of a defendant may vary from case to case, but the ultimate test is the effect such conduct has upon the plaintiff and the marriage. Nelson on Divorce, in commenting upon the subject, has stated that decisions, in various jurisdictions, defining mental cruelty have employed a variety of phraseology making it impossible to set forth all such conditions in an acceptable form. However, it is generally recognized that the elements consist of a course of abusive and humiliating treatment, calculated or obviously of a nature to torture, discommode, or render miserable the life of the opposite spouse; and which actually affects the physical or mental health of such spouse."

■■ Conduct to be considered extreme and repeated mental cruelty must be such as to cause embarrassment, humiliation and anguish so as to render life miserable and unendurable or to cause the plaintiff's life, person, or health to be endangered. *Stanard v. Stanard,* 108 Ill.App.2d 240, 247 N.E.2d 438; *Hayes v. Hayes,* 117 Ill.App.2d 211, 254 N.E.2d 288 and *Akin v. Akin,* 125 Ill.App.2d 159, 260 N.E.2d 481.

■■ After considering all of the evidence in its aspect most favorable to counterplaintiff it is our conclusion that there is an absence of evidence supporting counter-plaintiff's charges when considered in the light of the foregoing rules. Admittedly there is evidence that counter-defendant was a poor housekeeper, that disorder resulted from pets in the house and that she did not prepare full meals regularly. It is equally true from counter-plaintiff's own testimony that the now complained of conditions had existed for years, were in accord with the life style of the parties and that the conduct under the circumstances was not necessarily unreasonable. With respect to the arguments which occurred late at night it is uncontradicted in the record that the precipitating cause of the arguments was counter-plaintiff's refusal to have sexual relations with his wife. No explanation for such refusal either reasonable or unreasonable appears in the record. The resentment engendered by such conduct is understandable and counter-defendant's reaction was neither excessive nor unreasonable. (*Akin v. Akin,* 125 Ill.App.2d 159, 260 N.E.2d 481.) For the foregoing reasons the judgment of the Circuit Court of Knox County is reversed.

Judgment reversed.

ALLOY and SCOTT, JJ., concur.