AMELIA L. SHARPE, Plaintiff-Appellant, *v.* PATRICK J. SHARPE, Defendant-Appellee.

(No. 72-104; ▮▮▮▮▮▮▮▮▮▮▮▮▮

Second District—February 2, 1973.

Narusis & Narusis, of Cary, for appellant.

Kell & Conerty, of Woodstock, and Londrigan & Potter, of Springfield, both for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

On March 5, 1971, plaintiff filed suit for divorce based upon grounds of extreme and repeated mental cruelty. The trial court in a bench trial entered a judgment denying the divorce. The plaintiff has appealed to this court on the ground that the trial court's denying of the divorce was contrary to the manifest weight of the evidence.

The parties were married on January 1, 1963. Due to the defendant's work he commenced living in Springfield, Illinois, on July 1, 1970. He came home on weekends and his wife would go to Springfield on occasion. The plaintiff charged two specific acts of physical cruelty which took place in early 1970. The plaintiff testified that there was difficulty in communicating in the marriage; she objected to her husband's participation in political activities which took him away from home and required the spending of household funds to promote different candidates; and there was also a problem as to the parties' sexual relations.

In September of 1970 an attempt was made to purchase a home in Springfield, but there is contradictory testimony as to the reason for the failure of this reconciliation move. The parties herein separated on November 25, 1970. At that time the defendant was residing in Springfield, Illinois, and had been returning to the marital home in Cary on weekends. The plaintiff testified that between January and March, 1971, she was quite nervous and the doctor for whom she worked as a nurse, put her on tranquilizers. She further testified that this affected her work and

that she lost thirty-five pounds in weight. This testimony is not substantiated as in the case of *Hayes v. Hayes* (1969), 117 Ill.App.2d 211, 254 N.E.2d 288, in which two letters prepared by a psychiatrist who had examined the plaintiff were received in evidence by stipulation.

On appeal the plaintiff has raised two issues, the first being that the trial court erred in refusing to admit into evidence a letter written by defendant to plaintiff, and lastly, that the finding of the trial court in denying the divorce on the grounds of mental cruelty was against the manifest weight of the evidence. We shall consider the latter first.

■■ In 1967 the Legislature amended the Divorce Act of this State, Ill. Rev. Stat., ch. 40, sec. 1, by adding mental cruelty as an additional ground for divorce. Since that date the courts of Illinois have considered mental cruelty as a ground for divorce in numerous cases.

In *Stanard v. Stanard* (1969), 108 Ill.App.2d 240, 247 N.E.2d 438, the court stated at 442:

> "* * * Whether certain acts will constitute physical or mental cruelty still depends upon the total factual background surrounding the conduct under question. This includes the particular emotional and personal makeup of the parties, and the varying circumstances under which any of the incidents occurred that may have given rise to the acts. An act which may constitute either physical or mental cruelty, when committed without any provoking force, may not be a sufficient basis for divorce when committed in certain provoking situations. It was the plaintiff's burden to prove that the acts complained of—committed in a particular setting—were sufficient to justify a divorce. * * * The plaintiff's cause of action falls somewhat short in another regard: the effect, if any, of the defendant's acts upon her. She did testify that on the one occasion in the hospital, the conduct of the defendant caused her to cry. There are no allegations in the complaint and there is no other evidence in the record which suggests that the conduct of the defendant * * * was sufficient to render her life miserable and unendurable, and to cause her intense embarrassment, humiliation and anguish."

See also *Quilty v. Quilty* (1972), 5 Ill.App.3d 801, 284 N.E.2d 690.

■■ In *Howison v. Howison* (1970), 128 Ill.App.2d 377, 262 N.E.2d 1, the court discussed mental cruelty and related it to the total circumstances set forth in a given case. The court stated at page 3:

> "* * * The conduct of a defendant may vary from case to case but the ultimate test is the effect such conduct has upon the plaintiff and the marriage. * * *
> * * * However, it is generally recognized that the elements

consist of a course of abusive and humiliating treatment, calcu-. lated or obviously of a nature to torture, discommode, or render miserable the life of the opposite spouse; and which actually affects the physical or mental health of such spouse.

As stated in *Stanard* (*supra*, 108 Ill.App.2d, page 249, 247 N.E. 2d 438), the conduct of the defendant must be such as to cause embarrassment, humiliation and anguish so as to render life miserable and unendurable or to cause the plaintiff's life, person or health to be endangered."

In *Hayes v. Hayes* (1969), 117 Ill.App.2d 211, 254 N.E.2d 288, no serious problem was presented to the court with relation to the grounds of mental cruelty. In that case, the plaintiff presented evidence from two psychiatrists as to the effect of her husband's conduct upon her. She was a diabetic suffering from allergies and arthritis. She had consulted with and been treated by physicians. The court in stating that it was the province of the trial court to determine whether there was sufficient evidence of mental cruelty, stated that it would not set aside the trial court's decision unless it was against the manifest weight of the evidence.

In *Akin v. Akin* (1970), 125 Ill.App.2d 159, 260 N.E.2d 481, the question presented to the court was whether the wife was guilty of extreme and repeated mental cruelty. The court found that the husband did not prove lack of provocation for the conduct of his wife and that the mental anguish he complained of was the "harvest of his own sowing."

Turning then to the instant case, the trial court was not impressed by the alleged acts of mental cruelty purportedly committed by the husband herein. In substance, the comments of the trial judge were that the Divorce Act of the State of Illinois had not yet reached the point where incompatibility would be the grounds for a divorce. The substance of plaintiff's testimony pertaining to mental pain and suffering, her loss of weight and use of tranquilizers arose after the separation of the parties, which separation does not appear to be voluntary on the part of the defendant, but at the request of the plaintiff.

■■ While it is true that this marriage has doubtless reached the point where reconciliation is not possible, it is not the function of the courts to determine that parties to an impossible marriage situation are entitled to a divorce merely on the grounds that they cannot live together. It is the function of the legislative branch of the government of this State to determine whether or not divorces should be granted regardless of fault.

■■ Plaintiff also contends that the trial court erred in refusing to admit a letter written by defendant in October, 1970. The letter was in the form of the "conscience of Amelia" discussing the marital problems of

the parties with the "conscience of Patrick." Actually, a goodly portion of the letter was introduced by plaintiff's counsel in her examination of the defendant under Ill. Rev. Stat. 1969, ch. 110, sec. 60, of the Illinois Civil Practice Act. It is also readily apparent that the trial judge was familiar with the contents of the letter as he referred to it as a "dream letter" and a "fantasy." The question of whether this letter should have been admitted is of slight import. As we have stated in *Schluter v. Schluter* (1972), 5 Ill.App.3d 698, 283 N.E.2d 924, any error in exclusion of this evidence would not be reversible where if the testimony were allowed, the finding of the trial court would not have been any different.

Defendant has not filed a responsive pleading in this appeal. Plaintiff therefore moved that the cause be reversed and remanded to the trial court with directions to grant the divorce to the plaintiff or conduct such additional hearings as might be necessary. This motion was taken with the case.

■■ In substance, this motion asks this court to substitute its opinion for that of the trial court that the evidence adduced constituted "mental cruelty." In view of our opinion herein, this motion is denied.

■■ As we stated in *Schluter* the findings of fact of the trial court will not be disturbed, if based upon the testimony adduced. In the instant case, and in this regard this cause differs from several of the cited cases herein; only the plaintiff and the defendant testified. No substantiating or corroborative testimony was offered by the plaintiff. In a similar situation in the case of *Motykowski v. Motykowski* (1972), 4 Ill.App.3d 957, 282 N.E.2d 458, where the testimony of the parties was uncorroborated and in conflict, the court held that it was the responsibility of the trial judge to resolve the conflict. The court there further held that where a determination of facts depends upon the weight and credibility to be given to the testimony of the witnesses, a court of review will not reverse the finding of the trial court unless that finding is against the manifest weight of the evidence. With this we agree. See also *Woodley v. Woodley* (1972), 5 Ill.App.3d 352, 283 N.E.2d 61.

■■ This court feels that the plaintiff herein has failed to prove such mental anguish, suffering, or that the conduct of the defendant was such as to be injurious to the life or health of the plaintiff as to constitute "mental cruelty" within the meaning of the Divorce Act. The judgment of the trial court in dismissing the complaint was correct. Judgment affirmed.

Motion of appellant denied; judgment affirmed.

SEIDENFELD and T. MORAN, JJ., concur.