ADELYNNE K. WOODSHANK, Plaintiff-Appellee, v. RUDOLPH M. WOOD-SHANK, Defendant-Appellant.

(No. 72-237;

Third District—August 15, 1973.

Louis Olivero, of Peru, for appellant.

Paul Perona, of Spring Valley, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by defendant-appellant, Rudolph Woodshank, from an order of the Circuit Court of La Salle County requiring him to pay attorney's fees incurred by his former wife, plaintiff-appellee, Adelynne Woodshank, in defending an appeal from an earlier order of the trial court. Plaintiff was awarded a divorce in 1969 and on March 5, 1970 a supplemental order was entered by the court which determined plaintiff's rights to alimony, child support and attorney's fees. The order included an award to plaintiff of $2,500 for attorney's fees. Defendant appealed and plaintiff filed a cross appeal asserting the attorney's fees, alimony and child support allowances were inadequate. In *Woodshank v. Woodshank*, 2 Ill.App.3d 596, 274 N.E.2d 694, this court affirmed the

lower court decision and subsequently a petition for leave to appeal was denied by the supreme court. A petition was then filed by the plaintiff in the trial court requesting additional attorney's fees incurred during the appeal. Although the trial court denied attorney's fees for the cross appeal filed by plaintiff, the defendant was ordered to pay $1,650 for plaintiff's attorney's fees in defending the appeal. (The order was in the amount of $2,000 of which $350 was previously paid.) It is defendant's appeal from this order which we are asked to consider at this time.

■■ The contention of defendant is the trial court did not have jurisdiction to award attorney's fees for the defense of the appeal. Defendant's argument ignores the statutory provision which governs the awarding of such allowances. A provision within section 16 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 16) reads:

> "In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper."

In *Riddlesbarger v. Riddlesbarger*, 348 Ill.App. 31, 107 N.E.2d 770, the court, in answer to the contention the court had no jurisdiction to award an allowance for attorney's fees in defending an appeal, declared the statute authorizes an allowance after proceedings on appeal have ended. The court said the statute does not fix the time in which the court can entertain the petition, that is, it does not require the court to entertain the petition during the pendency of the appeal. The court determines the time period for consideration of such petition, while the statute authorizes the circuit court to provide for such allowances incurred during the pendency of the appeal, if the circumstances warrant.

The cases cited by defendant in his brief are not controlling under the facts of this case. In *Hokin v. Hokin*, 102 Ill.App.2d 205, 243 N.E.2d 579, the statutory provision was not applicable since the attorney's fees sought were not to cover the defense of an appeal. The court in *City of Chicago v. Myers*, 37 Ill.2d 470, 227 N.E.2d 760, stated a broad general rule regarding jurisdiction of a trial court but the case was not concerned with an allowance of attorney's fees in a divorce action.

■■ Finally, according to the defendant, the award of attorney's fees is inequitable and works an injustice on defendant. The cases cited by the parties discuss the general rule applicable in this case. Although the allowance of attorney's fees rests in the discretion of the trial court (*Canady v. Canady*, 30 Ill.2d 440, 197 N.E.2d 42), in order to justify such allowance, the complainant must show financial inability to pay and the ability of the spouse to do so. *Jones v. Jones*, 48 Ill.App.2d 232,

694

198 N.E.2d 195, *Berg v. Berg,* 85 Ill.App.2d 98, 229 N.E.2d 282 and *Cimino v. Cimino,* 93 Ill.App.2d 412, 236 N.E.2d 299.

██ According to the findings of the trial court, plaintiff does not have sufficient financial ability to pay her attorney's fees and costs, and defendant does have sufficient assets and earning capacity to pay the additional attorney's fees and costs. Having reviewed the record and the briefs of the parties, we find the evidence in support of these findings has not been preserved for this court to review. In the absence of evidence upon which the trial judge based his findings, the reviewing court will presume the order was justified by evidence. (*Simpson v. Simpson,* 29 Ill.2d 49, 193 N.E.2d 10, I.L.P. Divorce, sec. 222 and I.L.P. Appeal and Error, sec. 739.) It is the appellant who must show affirmatively by the record the evidence does not support the order.

Since it was within the power of the court to enter the judgment and since the evidence upon which the judgment is based is not preserved for review, we affirm the judgment of the Circuit Court of La Salle County.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.