ALICE TUEY, Plaintiff-Appellee, *v.* MARTIN C. TUEY, Defendant-Appellant.

(No. 59016;

First District (5th Division)—June 7, 1974.

Mathew K. Szygowski, of Bianco & Szygowski, of Chicago, for appellant.

Rinella and Rinella, of Chicago (Owen L. Doss, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is a post-divorce decree proceeding and involves (1) an appeal from the denial of termination of alimony, pursuant to defendant's petition requesting modification of a divorce decree; and (2) a cross-appeal by plaintiff from the granting of a reduction in alimony, pursuant to the same petition and from the denial of plaintiff's petition for attorney's fees.

The parties were married in 1940 and divorced by a decree entered in July, 1965. There were two children born to the marriage, one of whom was a minor at the time of the divorce. The parties entered into a written property settlement agreement which was ultimately incorporated into the divorce decree and which provided that plaintiff would receive (1) $300 per month as alimony, based upon defendant's earnings of $1,020 per month; (2) $100 per month child support for the minor child; and (3) one-half of the marital assets and the house theretofore owned in joint tenancy. The decree further provided that defendant would not petition for a reduction of alimony unless one of the following events occurred: (1) the plaintiff's earnings exceeded $60 per week

(at the time of the decree she had no income); and/or (2) the minor child reached the age of 22, graduated from college or abandoned her full-time college education.

Defendant made alimony and support payments for 7 years until the filing of the instant petition in August, 1972, requesting a modification of the divorce decree. In the petition, wherein a termination of all alimony payments was sought, it was stated that since the entry of the divorce decree, he has paid $25,000 in alimony and $8,400 in child support. Further, the petition stated that defendant's daughter would be 22 in the month following the filing of the petition; that in 2 months from the date of filing she would graduate from college; and that plaintiff's earnings exceeded $60 per week.

At the hearing on the petition, it was established that defendant's net income had increased from $833 to $1,300 per month and plaintiff's net income, including stock dividends, was $578 per month. Moreover, the house owned by plaintiff had no mortgage, while defendant's new home, owned with his present wife, was encumbered by two mortgages.

It was also established by plaintiff that, although defendant had made child support payments over the years of $8,400, the expenses for the child's college education were $13,783, which did not include living expenses when not at school, transportation, books, clothing, allowances and other necessary expenses. In addition, it appears clear that at the time of the original decree it was contemplated by both parties that plaintiff would obtain additional income by seeking employment.

After the hearing, the court ordered that the alimony be reduced to $200 per month and that plaintiff's petition for attorney's fees be denied. It was from this order that both parties appealed.

OPINION

■■ Whether the alimony to be paid by defendant should have been reduced rested within the sound discretion of the court and, unless the record shows an abuse of that discretion, such an order will generally not be disturbed on review. (*Booth v. Booth*, 6 Ill.App.3d 62, 64, 284 N.E.2d 506.) However, such modification may not be made arbitrarily or capriciously, and the petitioner must show that a substantial change in the circumstances of the parties has taken place since the entry of the decree. *Bowman v. Bowman*, 11 Ill.App.3d 719, 721, 298 N.E.2d 339.

■■■ In the recent case of *Borowitz v. Borowitz*, 19 Ill.App.3d 176, 311 N.E.2d 292, this court discussed the factors it would consider in a determination of whether to terminate or reduce alimony. Of paramount importance in the decision to modify and reduce the defendant's alimony payments was the net worth of the wife at the time defendant's petition was filed. The court there stated:

"The fact that the wife has acquired a substantial amount of property, or that her property has increased in value, has also been held to be an important consideration in determining whether and to what extent the decree should be modified. [Citations.] Where both the husband and the wife are in receipt of income or possess valuable property, the wealth of the wife as well as the husband should be taken into consideration. [Citations.]"

While the respective incomes of the parties here is considerably less than that of the parties in *Borowitz*, we believe that the rationale used in *Borowitz* to reduce the amount of alimony payments should apply here, since plaintiff is no longer without a source of income and has been employed continually since the entry of the decree in 1965. In addition, plaintiff received an inheritance of some $13,000, which contributed materially to her monthly income.

■■ At the time of the petition, she received income of $578.00 per month and, contrasted with the fact that at the time of the entry of the decree she had virtually no independent income, we feel there is substantial support to indicate a material change of circumstances. (*Warren v. Warren*, 40 Ill.App.2d 286, 189 N.E.2d 401.)

It was pointed out in *Borowitz* that defendant's ability to continue paying the support is not the only factor the court should consider in determining whether a change in circumstances has occurred which justifies a modification of the original award. That court cited as an additional factor the amount of alimony already paid to plaintiff from defendant since the decree was entered. Not only did defendant here pay $25,000 over a 7-year period, but he continued to make full alimony payments over the 7 years in the face of the additional earnings and other income received by plaintiff during those years.

In this regard, we note the court in *Volid v. Volid*, 6 Ill.App.3d 386, 391, 286 N.E.2d 42, stated:

"When the rules regarding the husband's duty of support were first enunciated, the roles of a husband and wife were more rigid and defined. The husband worked and brought income into the family while the wife maintained and managed the household. The woman generally did not seek outside employment partly, because 'her place was in the home,' * * *. Where a woman is trained, healthy, and employable, and where a woman's efforts have not contributed to her husband's wealth or earning potential, the necessity for an alimony award upon breakup of the marriage is not great."

We believe that this same reasoning should apply in instances where a modification of a divorce decree is sought because of the increased earning ability of the wife. Accordingly, we find that under the circumstances here, which included the fact that the parties contemplated at the time of the original decree that plaintiff would obtain employment, the trial court did not abuse its discretion in reducing the amount of alimony from $300 to $200 per month.

Plaintiff also contends the court erred in denying the allowance of attorney's fees to plaintiff. It is well-established that the allowance of attorney's fees rests in the discretion of the trial court (*Canady v. Canady*, 30 Ill.2d 440, 197 N.E.2d 42), and in order to justify such allowance, the plaintiff must show financial inability to pay and the ability of the defendant to do so. (*Woodshank v. Woodshank*, 13 Ill.App.3d 692, 300 N.E.2d 494.) The trial court found no such inability on plaintiff's part to pay her attorney's fees, and there is nothing in this record which would indicate to the contrary. Therefore, we cannot make a finding that the trial court abused its discretion in denying the allowance of attorney's fees to plaintiff.

For the reasons stated, the judgment is affirmed.

Affirmed.

BARRETT and LORENZ, JJ., concur.