SUE ANN MAYEUR, Plaintiff-Appellee, *v.* STANLEY WAYNE MAYEUR, Defendant-Appellant.

Third District    No. 75-370

Opinion filed September 30, 1976.

Williamson and Lindholm, of Peoria (Nile J. Williamson, of counsel), for appellant.

Robert J. Metzler, of Pekin (Arthur N. Christie, of counsel), for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellee, Sue Ann Mayeur, sought a decree of divorce from the defendant-appellant, Stanley Wayne Mayeur, in the circuit court of

Tazewell County. Previous to the entry of the decree, the parties had entered into a property settlement agreement which they sought to have incorporated into the terms of the decree. The trial judge refused to adopt the agreement in its entirety but made certain alterations. Over the defendant's objection, a decree incorporating the altered property settlement agreement was entered on July 10, 1975.

Plaintiff is inflicted with multiple sclerosis. Because of this infliction, the trial judge refused to adopt a provision of the property settlement agreement in which the plaintiff waived all of her rights to future alimony and medical expenses. The judge instead altered the property settlement agreement by interlineations to provide for possible future payments for alimony and medical expenses and then incorporated the altered agreement into the decree. Defendant objected to the decree and requested that the decree be withdrawn in its entirety, that the decree be declared null and void; and that a complete hearing be held on the respective property interests of the parties. The trial court refused defendant's request and this appeal followed.

■■■ We must first consider the authority of the trial court to vary the terms of a proposed property settlement agreement. It is well established that a trial court is not controlled by the terms of a proposed property settlement agreement but may adopt or reject it, as seems consistent and proper from the situations of the parties. (*Cahill v. Cahill*, 316 Ill. App. 324, 45 N.E.2d 69. See also 27B C.J.S. *Divorce* §301(1)(c) (1959).) A rule which requires the trial court to be bound by the terms of a property settlement would often abrogate the power of the trial judge to make such provision touching alimony, child support and property interests as the judge deems proper, a power which is vested in the trial court by section 18 of the Divorce Act. (Ill. Rev. Stat. 1975, ch. 40, par. 19.) Defendant misconceives the holding of *Guyton v. Guyton*, 17 Ill. 2d 439, 161 N.E.2d 832, and other cases when he cites them in support of his position that the trial court was bound to the terms of the property settlement agreement. *Guyton* holds only that once the parties have voluntarily adjusted their property interests and the amount of alimony to be paid, and when such agreements are made a part of the decree, the parties are concluded thereby. It is obvious that such a holding does not require the trial court to incorporate the parties' property settlement agreement into the terms of its decree. The trial court had the authority to refuse to accept the agreement and was well within its discretion when it did so.

The more difficult question is whether the trial court could refuse to grant defendant a hearing on the resolution of all property interests after the court had refused to adopt the property settlement agreement in its entirety. While we find no Illinois cases which deal with this precise issue,

we think that a hearing in such circumstances is warranted. It cannot be disputed that both parties made concessions when striving to reach the agreement in question. If the trial court refused to accept the agreement as written, as it has the authority to do, it cannot thereafter alter the delicate balance achieved in the mutually satisfactory property settlement without first affording both parties the opportunity for a full and complete hearing on their respective property interests. After the hearing has been concluded, the trial court may consider the proposed property settlement agreement along with all other evidence in formulating its decree.

We also note that the decree ordered a lump-sum payment of $3,250, apparently in lieu of periodic alimony under section 18 of the Divorce Act, but then purported to authorize a future claim for periodic alimony. According to *Overton v. Overton*, 6 Ill. App. 3d 1086, 287 N.E.2d 47, the court may award alimony in one form or the other, but not both. Unless plaintiff has established special equities in defendant's property, she is not entitled to both a lump-sum settlement and periodic support payments. *Palacio v. Palacio*, 33 Ill. App. 3d 1074, 339 N.E.2d 427.

Since no issues are presented concerning the propriety of that portion of the decree granting the divorce, that portion of the decree is affirmed. The remainder of the decree of the circuit court of Tazewell County is reversed and remanded for further proceedings not inconsistent with the views expressed herein.

Judgment reversed and remanded.

STENGEL and BARRY, JJ., concur.