BILLIE M. SMITH, Plaintiff-Appellee, *v.* JOSEPH C. SMITH, Defendant-Appellant.

Third District   No. 76-142

Opinion filed April 22, 1977.

Matthew Maloney, of Princeton, for appellant.

Kevin Kelly, of La Salle, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Joseph C. Smith, defendant, appeals from a decree of divorce entered in favor of Billie M. Smith, plaintiff.

Defendant first contends that the court erred in granting the divorce because the finding that plaintiff proved mental and physical cruelty

against defendant was manifestly against the weight of the evidence and because plaintiff failed to establish an absence of provocation.

At the trial before the court, plaintiff, her father and mother, and the parties' 15-year-old daughter testified that defendant often engaged in excessive drinking and abusive conduct. On the other hand, defendant testified that he never drank to excess and that plaintiff's conduct was the cause of the disputes which arose between the parties. We believe no useful purpose would be served by setting forth a detailed account of the evidence concerning the pattern of marital discord which was recounted at trial. Plaintiff's evidence can be fairly summarized as tending to prove that during the last two years, defendant spent most of his weekends hunting or fishing with friends; that he was frequently intoxicated; that many times he called plaintiff vulgar names, berated her housekeeping, ridiculed her efforts to obtain a nursing education, refused to help at home or to give money for family necessities, accused her of infidelities, and frightened their two daughters, aged 10 and 15 years; that on two occasions he struck plaintiff and injured her; that plaintiff suffered depression and anxiety; and that plaintiff did not provoke any of defendant's abusive conduct. During this period of time, plaintiff was working part-time, attending college classes four or five hours each day, and doing volunteer ambulance work one night every other week in addition to caring for the two children and the home.

Defendant's evidence included flat denials of most of the events and conduct complained of by plaintiff. According to defendant, he had never been intoxicated; he did more cooking and cleaning than his wife; he supplied fish and game and garden produce for canning; he called her names only when she had started an argument; and he denied striking her except to push her away when she attacked him. The other witnesses called by defendant generally testified that they had never seen defendant drink to excess or abuse his wife.

The trial court had the opportunity to observe the witnesses and thus was in a superior position to assess the credibility and weight to be afforded their testimony. The court's findings will not be disturbed unless contrary to the manifest weight of the evidence. *Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 239 N.E.2d 792.

This court has previously discussed mental cruelty as a ground for divorce, as follows:

> "It is a basic interest of the State to preserve the integrity and continuity of marriages and divorces will not be granted unless there is sufficient evidence of cause therefore as specified by statute. * * * According to *Howison v. Howison*, 128 Ill. App. 2d 377, 262 N.E.2d 1, 'The conduct of a defendant may vary from case to case but the ultimate test is the effect such conduct has upon

the plaintiff and the marriage. \* \* \* [I]t is generally recognized that the elements consist of a course of abusive and humiliating treatment, calculated or obviously of a nature to torture, discommode, or render miserable the life of the opposite spouse; and which actually affects the physical or mental health of such spouse.' As observed in *Stanard v. Stanard*, 108 Ill. App. 2d 240, 247 N.E.2d 438, 'Whether certain acts will constitute \* \* \* mental cruelty still depends upon the total factual background surrounding the conduct under question. This includes the particular emotional and personal makeup of the parties, and the varying circumstances under which any of the incidents occurred that may have given rise to the acts.' " *Woodshank v. Woodshank* (3d Dist. 1971), 2 Ill. App. 3d 596, 598-99, 274 N.E.2d 694, 695-96. Also *Deahl v. Deahl* (1st Dist. 1973), 13 Ill. App. 3d 150, 300 N.E.2d 497.

■■ After reviewing the record, we conclude that the trial court's finding that plaintiff had proved her allegations of mental cruelty was not against the manifest weight of the evidence. Defendant's course of conduct obviously rendered life unbearable for plaintiff and adversely affected the lives of the children as well. (See *Jackson v. Jackson* (3d Dist. 1974), 24 Ill. App. 3d 810, 321 N.E.2d 506.) Although there was no evidence that plaintiff sought medical treatment for her injuries, such evidence is not necessary in every case. (*Cf. Knox v. Knox* (1st Dist. 1975), 31 Ill. App. 3d 816, 334 N.E.2d 891.) Here plaintiff's testimony of her bloody nose on one occasion, and bruised head on another, was corroborated by other witnesses, and her statements that she suffered from anxiety and depression were uncontradicted.

■■ Plaintiff must allege and prove the lack of provocation for defendant's acts. (*Stanard v. Stanard* (3d Dist. 1969), 108 Ill. App. 2d 240, 247 N.E.2d 438.) In support of the appropriate allegation in her complaint, she testified to the absence of any conduct on her part which would have caused defendant to behave as he did. This testimony was sharply disputed, and we are aware that matrimonial strife is seldom one-sided. Nevertheless, this question was a matter for the trial judge to determine, and we will not substitute our judgment for his. (*Murphy v. Murphy* (1st Dist. 1975), 31 Ill. App. 3d 321, 334 N.E.2d 779.) The divorce decree did not contain a separate finding as to provocation; however, the general finding that plaintiff had proved mental and physical cruelty against defendant was sufficient as to all the elements of her cause of action.

■■ Defendant next contends that it was error to require him to pay plaintiff's attorney's fees in the absence of a special finding in the decree as

to the parties' respective financial abilities. In her complaint, plaintiff alleged that she was unable to pay her attorney's fees and that defendant was able to do so. The evidence showed that plaintiff's income consisted of $32 a week from her part-time work and $45 per week temporary child support, and that she was living with her parents who were contributing to the support of plaintiff and her children. Defendant admitted earnings of $11,000 per year. Under these facts, it was implicit in the decree that plaintiff was unable to pay her attorney's fees, and that defendant was able. The award was not erroneous, and a special finding was not essential. *Kaufman v. Kaufman* (1st Dist. 1974), 22 Ill. App. 3d 1045, 318 N.E.2d 282.

Defendant also takes issue with the award of alimony. The decree provided that defendant pay $55 per week to help defray plaintiff's expenses until she completes her schooling in nursing or until she obtains employment paying at least $125 per week or until she remarries. This support payment is to abate between school semesters unless she loses her present vacation-time job. The court also awarded plaintiff "alimony in gross" of $5,000 and directed that the jointly-owned real estate be sold. The decree provided that the proceeds of sale are to be applied as follows: first, the balance of the mortgage and costs of sale are to be paid; then plaintiff is to be paid the $5,000 awarded as alimony in gross; next plaintiff's attorney is to be paid fees of $600; and finally the balance is to be divided equally between plaintiff and defendant.

The first error as to alimony asserted by defendant is the award of both alimony in gross ($5,000) and periodic alimony ($55 per week). Periodic alimony has been described as " * * * an indefinite amount of money paid for an indefinite period of time, based upon the ability to pay in order to maintain one's spouse in that mode of living accustomed to during marriage." (*Chamberlin v. Chamberlin* (1st Dist. 1969), 119 Ill. App. 2d 295, 299, 256 N.E.2d 159, 161. Also, *Walters v. Walters* (1st Dist. 1950), 341 Ill. App. 561, 94 N.E.2d 726, *aff'd* (1951), 409 Ill. 298, 99 N.E.2d 342.) Periodic alimony is subject to modification if the circumstances of the parties change and is terminated upon remarriage of the recipient. Obviously the provision for payment of $55 per week must be considered periodic alimony.

■■ In construing the Divorce Act, Illinois courts have held that section 18 (Ill. Rev. Stat. 1975, ch. 40, par. 19) permits either periodic alimony or a settlement in lieu of alimony, payable in gross or by installments, but that both forms of alimony cannot be awarded. (*Mayeur v. Mayeur* (3d Dist. 1976), 42 Ill. App. 3d 7, 355 N.E.2d 358; *Rich v. Rich* (5th Dist. 1975), 24 Ill. App. 3d 1083, 322 N.E.2d 610; *Overton v. Overton* (2d Dist. 1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47.) A settlement in lieu of

alimony under section 18 of the Act is distinct from a division of the property rights of the parties under section 17 (Ill. Rev. Stat. 1975, ch. 40, par. 18), which can be ordered only if specifically alleged in the complaint and established by competent evidence at trial. (*Palacio v. Palacio* (1st Dist. 1975), 33 Ill. App. 3d 1074, 339 N.E.2d 427.) Here plaintiff did not attempt to establish special equities in the marital home, so the award of $5,000 plus one-half of the balance of the sale proceeds is a settlement in lieu of alimony under section 18.

■■ Although plaintiff persuasively argues her need for monthly support while she completes her educational program, we cannot find any legal authority for approving an award of alimony in the form provided here. Consequently we must reverse the provisions for both gross and periodic alimony and remand for a new trial limited to the question of alimony and support. The trial court can then consider whether plaintiff's needs could best be met by a settlement in lieu of alimony which would provide for fixed monthly installment payments over a definite period of time plus a lump sum payable from the proceeds of sale.

Because it is necessary to remand for a new hearing, we need not discuss defendant's other contentions concerning the alimony award.

In summary, the judgment for divorce and the award of attorney's fees are affirmed, but the award of alimony is reversed and remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed and remanded in part.

ALLOY and SCOTT, JJ., concur.